456 So.2d 1307 (1984)
Archibald Scott JEFFREY, Appellant,
v.
STATE of Florida, Appellee.
No. AY-51.
District Court of Appeal of Florida, First District.
October 9, 1984.
*1308 Michael E. Allen, Public Defender, and Kenneth L. Hosford, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Henri C. Cawthon, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
The defendant appeals from his sentence complaining that the trial court failed to give him credit for all of the time which he spent in jail in connection with his case. The defendant had originally received a "split sentence" of incarceration followed by a period of probation. After being released from the incarcerative portion of the split sentence, he violated his probation which was subsequently revoked. When the trial court resentenced the defendant after revocation, he gave the defendant credit for the jail time accrued after his arrest on the probation violation charge but failed to give credit for the time the defendant was incarcerated on the "front end" of the split sentence. This was error as the defendant was entitled to such credit. See State v. Jones, 327 So.2d 18, 25 (Fla. 1976).
The State argues that the trial court did, in fact, give the defendant the requisite credit and relies upon the statements made by the judge at the sentencing hearing. Initially, the judge advised the defendant that he was going to sentence him to 30 months in the state corrections system[1] without credit for the jail time spent on the previous split sentence. After further colloquy between counsel and the court regarding the amount of jail time to which the defendant would be entitled, the judge then stated that he would impose a four and one-half year sentence and credit the defendant with all of the time previously served. However, the judge's further comments indicate that he decided against allowing such credit. Given the confusing and inconsistent statements made at the sentencing hearing, we conclude that there was never a clearly delineated oral pronouncement of sentence as contemplated by Fla.R.Cr.Pr. 3.700. The fact that the subsequently-entered judgment and sentence *1309 form reflects a certain sentence of thirty months is not controlling. It is well settled that the oral pronouncement of sentence governs. E.G. Sandstrom v. State, 390 So.2d 448 (Fla. 4th DCA 1980).
On remand, the court shall impose sentence anew. The maximum sentence which may be imposed is four and one-half years[2] and the defendant shall be credited with all jail time to which he is entitled in accordance with the earlier expressions in this opinion.
Reversed and Remanded.
SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] The sentencing guidelines called for a range of twelve to thirty months incarceration or community control.
[2] Imposition of any sentence exceeding the thirty-month maximum provided for in the sentencing guidelines scoresheet must be justified by a "clear and convincing reason" under Fla.R. Cr.Pr. 3.701 d.11.