PER CURIAM.
Steven Lopez Trueblood has appealed from a sentence imposed after he pled nolo contendere to escape from a Department of Health and Rehabilitative Services (HRS) detention facility. We reverse and remand for resentencing.
Trueblood, a juvenile, tendered a plea of nolo contendere to a charge that he, “while a prisoner in the lawful custody of HRS Detention Facility, did then and there escape from such lawful confinement, contrary to Section 944.40, Florida Statutes.” Section 944.40 makes it a second-degree felony for a “prisoner” to escape from “any prison, jail, road camp, or other penal institution, state, county, or municipal.” The trial court accepted Trueblood’s plea and, after making findings on five of the six factors set forth in section 39.-059(7)(c)l.-6., Florida Statutes (suitability of juvenile for adult sanctions),[1] sentenced him as an adult to 12 years’ incarceration.
Relying on Danzy v. State, 603 So.2d 1320 (Fla. 1st DCA 1992), Trueblood argues that this sentence is illegal, in that it exceeds the statutory maximum term of 5 years for the third-degree felony of escape from a juvenile detention facility, contrary to section 39.061, Florida Statutes. In Danzy, the juvenile appellant received a 6-year sentence after pleading nolo conten-dere to an identical charge of “escape from a juvenile detention facility in violation of § 944.40.” Danzy argued that escape from a juvenile detention facility was contrary to section 39.112 (predecessor of section 39.-061), and a third-degree felony, thus he could be sentenced to no more than the 5-year statutory maximum. This court agreed, holding that
[t]he factual allegations ... are sufficient to state [the offense] of escape from a juvenile detention facility, but they clearly do not allege escape from an adult prison or jail. For this reason, appellant’s admitted escape is governed by section 39.112, not section 944.40. When allegations of fact in an information are sufficient to allege all the elements of an offense, such allegations of fact will ordinarily control over an erroneous reference to a statute, so that the reference to section 944.40 in the instant case should be treated as a scrivener’s error. The maximum statutory sentence that could be imposed for this charge of escape, a third-degree felony, is five years’ imprisonment. The sentence to six years on this charge is manifestly error.
Danzy at 1322.
The state in the instant case responds only that Trueblood has,waived the issue by entering a plea. To the identical argument, the Danzy court responded: '
Even though appellant did not complain of this error ... the characterization of *14 the offense of escape as a second-degree felony in the appealed judgment and the sentence to six years’ imprisonment amounts to the imposition of an illegal sentence and is fundamental error that may be raised on appeal.
Danzy at 1322, citing Ivey v. State, 516 So.2d 335 (Fla. 1st DCA 1987) (trial court cannot impose an illegal sentence pursuant to a plea bargain). The court vacated the sentence on the escape violation, and remanded for resentencing.
Based on the factual identity between Danzy and the instant case, we reverse the 12-year sentence imposed herein, and remand for resentencing. This disposition effectively moots Trueblood’s additional argument that the trial court made insufficient findings in support of adult sanctions, i.e., many of the findings pertain only to an unrelated burglary conviction, and one required finding, set forth at section 39.059(7)(c)6., was omitted altogether. We direct the trial court, if on remand it determines to reimpose adult sanctions, to make specific written findings of fact on each of the factors set forth in section 39.-059(7)(c)l.-6., such findings to be made with reference only to the escape conviction involved herein.
Reversed and remanded for resentenc-ing.
JOANOS, C.J., and WIGGINTON and KAHN, JJ., concur.

. The trial court filed a single set of written findings pursuant to section 39.059(7)(c)l.-6., addressed both to the sentence imposed in the instant case, and to that imposed for a separate jury conviction of burglary with a dangerous weapon.