612 So.2d 623 (1993)
David Lee ARMSTEAD, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 92-1809.
District Court of Appeal of Florida, First District.
January 11, 1993.
*624 Nancy A. Daniels, Public Defender, and John R. Dixon, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant, David Lee Armstead, Jr., appeals the judgment and sentence imposed after the revocation of his community control for the offense of possession of cocaine. Appellant contends the trial court erred in resentencing him on May 12, 1992, after imposing a legal sentence on May 5, 1992. We do not agree that appellant was re-sentenced, and affirm the May 12, 1992, sentence.
On January 15, 1989, appellant was charged with possession of cocaine, possession of drug paraphernalia, and driving with a suspended license. In June 1989, pursuant to a plea agreement for a guidelines sentence, appellant pled nolo contendere to all charges. At sentencing on August 22, 1989, appellant was adjudicated guilty, and was placed on probation for five years on the possession of cocaine conviction, one year on the paraphernalia conviction, and six months on the driving with suspended license conviction, the terms of probation to run consecutively to each other. In November 1991, appellant pled nolo contendere to violation of probation, his probation was revoked, and appellant was sentenced to two years of community control on the cocaine conviction, and to time served on the other convictions.
On May 5, 1992, appellant pled nolo contendere to four violations of community control. Sentencing on the community control violation was set for May 12, 1992. However, a written judgment dated and filed May 5, 1992, purported to place appellant on community control for two years. At the May 12, 1992, sentencing proceeding, the trial court "bumped" the guidelines sentencing range by two cells, based upon the prior violations of probation and community control, respectively. The trial court then orally pronounced sentence of 4 1/2 years, with credit for 469 days served. The transcript of the sentencing proceeding is silent with regard to the judgment and sentence document dated May 5, 1992.
Florida Rule of Criminal Procedure 3.700(b) provides that "[e]very sentence or other final disposition of the case shall be pronounced in open court." In this vein, it is a settled rule of law that oral pronouncement of sentence prevails over the written judgment and sentence form. Kennedy v. State, 564 So.2d 1127, 1131 (Fla. 1st DCA 1990); Jeffrey v. State, 456 So.2d 1307 (Fla. 1st DCA 1984). Another general rule of law is that once a person has begun serving a lawful sentence, he may not be resentenced subsequently to an increased term of incarceration. Donald v. State, 562 So.2d 792, 794 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla. 1991).
Appellant takes the position that the written judgment and sentence dated May 5, 1992, was lawful, and precluded the trial court from imposing a longer sentence on May 12, 1992. We cannot agree. Sentence was not orally pronounced on May 5, 1992. Moreover, the record reflects that at the May 12, 1992, sentencing, appellant and his counsel both urged the trial court to reinstate community control and to place appellant in a drug treatment program. Notably, no argument was advanced that the trial court already had imposed a community control sentence, or that the two-cell increase for sentencing purposes was improper, because a lawful sentence had been imposed on May 5, 1992. Appellant's silence on this point at the hearing seemingly was a tacit recognition that the pronouncement of sentence on May 12, 1992, was proper. Since the record is clear that sentence was not pronounced on May 5, 1992, it is reasonable to conclude that the written judgment and sentence of that date was *625 inadvertent, and should be treated as clerical error.
Accordingly, the judgment and sentence of May 12, 1992, is affirmed, and the cause is remanded for correction of the document dated May 5, 1992.
WIGGINTON and WOLF, JJ., concur.