635 So.2d 1024 (1994)
Steven Lopez TRUEBLOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 93-396.
District Court of Appeal of Florida, First District.
April 22, 1994.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
DAVIS, Judge.
Appellant, Steven Lopez Trueblood, appeals from a sentence imposed after appellant pled nolo contendere to a charge of escape from a juvenile detention facility. Appellant raises three issues as involving error: (1) the trial court's sentencing appellant as an adult without making specific written findings of fact on each of the factors set forth in section 39.059(7)(c)1.-6; (2) the trial court's ordering that appellant be given credit for prison time served prior to resentencing, to be determined by the Department of Corrections; and (3) the trial court's entering of a written order which fails to comport with the court's oral pronouncement at the sentencing hearing concerning the imposition of restitution and costs. The state has conceded error as to Issues I and III. We affirm in part and reverse in part.
Appellant, a juvenile, was charged with escape from a juvenile detention facility. On April 14, 1992, after a plea of nolo contendere, appellant was sentenced as an adult to 12 years incarceration. On appeal, this court reversed the 12-year sentence and remanded for resentencing. Trueblood v. State, 610 So.2d 12 (Fla. 1st DCA 1992). On remand, this court directed the trial court to make specific written findings of fact on each of the factors set forth in section 39.059(7)(c)1.-6, if the trial court determined to impose adult sanctions. Such findings were to be made with reference only to the escape conviction. Trueblood, 610 So.2d at 14. On December 17, 1992, appellant appeared for resentencing. The trial court sentenced appellant as an adult to five years incarceration.
As to the first issue, appellant argues that the trial court failed to comply with this court's directive in Trueblood v. State, 610 So.2d 12 *1025 (Fla. 1st DCA 1992) by failing to address each of the factors set forth in section 39.059(7)(c) and by commingling the findings with regard to the escape conviction with findings on appellant's burglary conviction. Appellant asserts that the trial court failed to address whether the escape offense was committed in an aggressive, violent, premeditated or willful manner, a required finding under section 39.059(7)(c)2. Appellant also argues that the trial court failed to address whether the escape offense was against persons or property, a required finding under section 39.059(7)(c)3. The state concedes that the trial court failed to address each of the statutory factors set forth in section 39.059(7)(c). We reverse and remand for resentencing. Upon remand, the trial court is directed to make specific written findings on each of the factors set forth in section 39.059(7)(c)1.-6, with reference only to the escape conviction.
As to the second issue, appellant argues that the trial court erred in failing to specify the exact amount of previously served prison time for which appellant was to be given credit. The judgment entered by the court indicates that appellant is to be given "credit for all time previously served on this count in the Department of Corrections prior to resentencing," without specifying the amount of prison time appellant had served. The state asserts that pursuant to this court's opinion in DeSue v. State, 605 So.2d 933 (Fla. 1st DCA 1992), the trial court was not required to specify the amount of previously served prison time for which appellant was to be given credit. In DeSue, this court found that although it is preferable for the trial court to require the Department of Corrections' calculation of time served to be included in the presentence investigation report, so that such amount can be stated in the sentencing order, it is not error for the trial court to simply award a defendant with time served and thereafter permit the Department to make such calculation. DeSue, 605 So.2d at 935. In accord with this court's decision in DeSue, we affirm this portion of the trial court's order.
As to the third issue, appellant argues that the trial court erred in departing from its oral pronouncement at the sentencing hearing by ordering restitution and by imposing costs not imposed in the original sentencing order. In the original judgment and sentence entered on April 14, 1992, the trial court ordered appellant to pay costs of $20 pursuant to section 960.20, Florida Statutes (1991), $3 pursuant to section 943.25(4), Florida Statutes (1991), and $200 pursuant to section 27.3455, Florida Statutes (1991). At the sentencing hearing held on December 17, 1992, the trial judge pronounced that other than the reduction of appellant's sentence from 12 years to 5 years, the sentences previously imposed were to be reimposed in their entirety. Despite the court's oral pronouncement, the trial court entered a written resentencing order imposing costs of $2 for the law library, $2 for GCCJA and $2 for court costs pursuant to section 943.25(13), Florida Statutes. The court's order also imposes costs of $50 pursuant to section 960.20, rather than the originally imposed amount of $20, and directs the appellant to pay restitution. The state concedes that the resentencing order does not comport with the trial court's oral pronouncement at the sentencing hearing.
It is well-settled that the oral pronouncement of a sentence prevails over the written judgment and sentence form. Armstead v. State, 612 So.2d 623, 624 (Fla. 1st DCA 1993), citing Kennedy v. State, 564 So.2d 1127 (Fla. 1st DCA 1990); Jeffrey v. State, 456 So.2d 1307 (Fla. 1st DCA 1984). We reverse this portion of the trial court's order and direct the court to correct the order on remand.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
MINER and MICKLE, JJ., concur.