SHAHOOD, Judge.
Thomas Luke appeals his judgment and sentence entered by the trial court for violation of community control. We affirm the judgment and sentence, but remand for re-sentencing in accordance with this opinion.
Luke was originally charged by information with five counts of indecent assault and one count of attempted sexual battery on a person under age twelve. He pled guilty to the charges, and the trial court sentenced him to seven years in prison followed by ten years’ probation. On March 1, 1994, appellant was released from prison and commenced serving his probation period. In July 1994, Luke pled guilty to violating his probation and was sentenced to one year community control followed by three years’ probation.
In September 1994, appellant was charged with violating community control. After a violation hearing in March 1995, the court found that he had violated community control, adjudicated him guilty, revoked his community control, and sentenced him within the guidelines to twenty years in prison on the attempted sexual battery count together with a fifteen-year prison sentence on the remaining counts, all to be served concurrently. At the sentencing hearing, the court orally stated that appellant was entitled to “842 days jail credit,” plus any and all time previously served in prison. The written judgment and sentence reflect a credit for 342 days; however, Luke appeals the written judgment and sentence since they do not conform to the court’s oral pronouncement. The state does not concede error, but has failed to show within the record the correct number of days to which Luke is entitled.
It has generally been held that when a written order does not conform to the oral pronouncement of judgment and sentence, the latter controls. Trueblood v. State, 635 So.2d 1024 (Fla. 1st DCA 1994); Howard v. State, 591 So.2d 1067 (Fla. 4th DCA 1991); Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982). In this case, however, we do not consider the court’s statement that Luke would be entitled to “842 days jail credit” to be part of the court’s oral pronouncement of judgment and sentence. Rather, the court’s recitation of the number of days’ credit for time served is merely a ministerial act requiring no personal judgment or discretion in its performance. Since the court is not generally responsible for calculating credit, but simply reads the total into the record, neither the appellant nor the state should receive the benefit of any miscalculation or misstatement by the court.
In this case, we are unable to discern from the record the proper amount of credit to which appellant is entitled. Therefore, while we affirm the judgment and sentence of the *656 trial court, we remand with directions to conduct an additional hearing to determine the correct amount of time served that should be awarded.
Affirmed; remanded with directions.
WARNER, J., concurs.
FARMER, J., concurs in result only.