929 So.2d 664 (2006)
James SAULSBERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1950.
District Court of Appeal of Florida, Fourth District.
May 17, 2006.
Carey Haughwout, Public Defender, and James W. McIntyre, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
After a non-jury trial, appellant was found guilt of resisting with violence (Count I) and corruption by threat (Count II). He appeals the denial of his motion to correct sentencing error.[1] As the state concedes, the trial court erred in entering a written sentence order that did not conform to its oral pronouncement. The trial court's oral pronouncement of five years probation on each count, concurrent, with a condition of sixty days jail to be served as long weekends, controls over the written sentence order imposing sixty days as a condition of ten years probation. See Arroyo v. State, 651 So.2d 223 (Fla. 4th DCA 1995); Trueblood v. State, 635 So.2d 1024 (Fla. 1st DCA 1994); Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982). Additionally, the sentence order improperly included a general sentence for both counts. See Burgess v. State, 691 So.2d 607, 608-09 (Fla. 4th DCA 1997) ("The law is clear that trial courts may no longer issue `general' sentences which encompass more than one count.").
We therefore reverse and remand for correction of the sentencing errors consistent with this opinion.
STEVENSON, C.J., GUNTHER and TAYLOR, JJ., concur.
NOTES
[1] On June 15, 2005, appellant filed notice of the filing of his 3.800(b)(2) motion. The 60 day period for the trial court to rule on the motion expired without a ruling, so the motion was deemed denied.