SHAHOOD, C.J.
We affirm the trial court’s order granting appellant’s motion to dismiss count II of the State’s felony information. Appellant was originally sentenced to the Department of Corrections (DOC) and then transferred, pursuant to section 985.417, Florida Statutes (2005), to the Okeechobee Juvenile ■ Offender Corrections • Center (OJOCC). Subsequently, appellant was charged by information with Escape from Juvenile Facility (count I), pursuant to sections 985.3141 and 944.40, Florida Statutes (2005), and Escape (count II), pursuant to section 944.40, Florida Statutes (2005). The charges arise from an alleged unsuccessful attempt to escape from the OJOCC on March 5, 2005.
Section 985.3141 deals with escape attempts, as defined by section 944.40, from detention facilities for children. Section 944.40 covers escape attempts by a prisoner, who is defined as someone in the custody of the DOC pursuant to section 944.02(6), Florida Statutes (2005).
The applicable escape statute depends on the location of the defendant at the time of the attempt rather than as specified by the original sentence. See, e.g., Danzy v. State, 603 So.2d 1320 (Fla. 1st DCA 1992); State v. Varela, 636 So.2d 559 (Fla. 5th DCA 1994).
Because King attempted to escape from a juvenile detention facility, the trial court did not err in finding that the applicable statute is section 985.3141 and not 944.40.

Affirmed.

FARMER and TAYLOR, JJ., concur.