KHOUZAM, Judge.
Randall Scott Hodges appeals the final order entered on August 21, 2012, that granted his motion to withdraw his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850 and that summarily dismissed his motion and his amended motion. At first blush it may appear that Mr. Hodges received the relief he requested; however, from our review of the record, it is clear that Mr. Hodges intended to withdraw only his amended motion addressing claims two and six. We hereby affirm the postconviction court’s order granting his motion to withdraw those claims and dismissing his amended motion. But because Mr. Hodges had no intention of waiving appellate review of the January 15, 2011, order summarily denying claims one, three, four, five, seven, eight, nine, ten, eleven, and twelve, we reverse the final order to the extent that it dismisses his original motion. Accordingly, in this appeal we review the denial of Mr. Hodges’ claims in the order of January 15, 2011, and affirm the denial of all claims except ground nine.
In exchange for pleading no contest to ten counts of grand theft, one count of dealing in stolen property, one count of tampering with physical evidence, twenty-five counts of burglary of a conveyance, two counts of burglary of a dwelling, and eight counts of petit theft and for his admission to violating his probation, the State agreed to a total sentence of ten years’ imprisonment followed by ten years’ probation. The State also agreed not to file charges against Mr. Hodges in two other cases.
Mr. Hodges thereafter filed a rule 3.850 motion for postconviction relief raising twelve grounds. We affirm without discussion all claims except ground nine. In ground nine of his motion, Mr. Hodges argued that his plea was involuntary because the trial court failed to determine a factual basis for his plea. Acknowledging that the parties stipulated to a factual basis, he pointed out that “[a] stipulation with no factual basis in the record is insufficient.” Young v. State, 935 So.2d 1263, 1268 (Fla. 2d DCA 2006); see also Koenig v. State, 597 So.2d 256, 258 (Fla.1992) (“Prior to accepting a plea of no contest, the trial judge must receive in the record factual information to establish the offense *540 to which the defendant has entered his plea.”). Mr. Hodges alleged that he could not be found guilty of his offenses because there is no evidence that he committed any of the crimes. The postconviction court denied this claim on the ground that it should have been raised at trial or on direct appeal. This was error.
When a movant alleges that the trial court failed to determine that there was a factual basis for his plea and that he is innocent of the offense to which he pleaded or that he pleaded to the wrong offense, the movant sets forth a facially sufficient claim for postconviction relief. See Sherwood v. State, 734 So.2d 1050, 1051 (Fla. 1st DCA 1998); cf. State v. Fox, 659 So.2d 1324, 1327-28 (Fla. 3d DCA 1995). Here, we are not able to determine whether a factual basis for the plea was taken. It appears that Mr. Hodges stipulated to the facts of all of the offenses with which he was charged.[1] He responded affirmatively when asked whether his attorney had reviewed with him “every single one” of the probable cause affidavits. However, because the probable cause affidavits are not in the record, the postcon-viction court’s order does not refute Mr. Hodges’ facially sufficient claim. See Farran v. State, 694 So.2d 877, 878 (Fla. 2d DCA 1997). Therefore, we reverse the denial of ground nine and remand for the postconviction court to either attach the portions of the record that conclusively refute Mr. Hodges’ allegation or to hold an evidentiary hearing on the issue of whether there was a factual basis for the plea.
Reversed and remanded with directions.
DAVIS and VILLANTI, JJ., Concur.

. The prosecutor did state the factual basis for the violation of probation.