421 So.2d 775 (1982)
Donald Edward HAMPTON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1374.
District Court of Appeal of Florida, Fifth District.
November 10, 1982.
James B. Gibson, Public Defender, and Leonard R. Ross, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is an appeal from a resentencing after appellant's original two sentences were vacated on appeal.[1]
We have examined the record and find the trial judge adequately extended allocution and did not err in modifying the split sentence to a sentence of confinement only. See Lowery v. State, 418 So.2d 1123 (Fla. 5th DCA 1982) [1982 FLW 1846].
Appellant also complains that while the trial judge specifically gave him credit against the first of the two new sentences for the 126 days he spent in the county jail before his original sentence, as directed by section 921.161(1), Florida Statutes (1981), the trial judge did not give him credit against his new sentences for the time he had spent in prison under the vacated sentences. While we agree that appellant is entitled to credit against the first of his two new sentences for the time he spent in prison under the first of his two old sentences on the same charge and conviction, we do not agree that the burden was on the trial judge to determine the credit for such prison time because that is the proper function of the Department of Corrections, which is charged with the function of discharging a prisoner from its custody at the proper time. The Department of Corrections has and maintains adequate records (§§ 944.17, 944.18, 944.25, Fla. Stat. (1981)), from which it can determine that sentences imposed at resentencing relate to the same crime and charges as did old sentences and calculate the total amount of time properly credited against sentences and commitments. That calculation involves a consideration of the time spent between sentencing and delivery to the actual custody of the Department (see § 921.161(2), Fla. Stat. (1981)) as well as grants and forfeitures of gain time (see § 944.275 and 944.28, Fla. Stat. (1981)), and other matters not available *776 to the trial judge from the files and records of the court and its executive officer, the sheriff.
AFFIRMED.
COBB and SHARP, JJ., concur.
NOTES
[1] See Hampton v. State, 399 So.2d 441 (Fla. 5th DCA 1981).