605 So.2d 933 (1992)
Michael Charles DESUE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1640.
District Court of Appeal of Florida, First District.
September 25, 1992.
*934 Nancy A. Daniels, Public Defender, Abel Gomez, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, Michael Charles Desue, appeals his judgment and sentence imposed following violation of probation, contending that the trial court erred in (1) refusing to determine whether procedures used to identify him were unnecessarily suggestive, (2) using a multiplier to calculate legal constraint points on appellant's guideline scoresheet, (3) failing to credit appellant with jail and prison time previously served, and (4) entering a written revocation order that did not conform to its oral pronouncement. We affirm issue 1, reverse in part issues 2, 3, and 4, and remand for resentencing.
In 1987, the trial court sentenced Desue to five years' probation for ten convictions of uttering a forged instrument. His probation was revoked in 1988 and again in July 1989. On September 9, 1989, Desue's probation officer filed a third affidavit of violation, alleging that Desue had violated a condition of probation by committing armed robbery and petit theft. At the violation hearing, Desue objected to the in-court identification of him by the victim as being tainted by impermissibly suggestive procedures. Desue claims on appeal that the trial court refused to consider his objection. We cannot agree. Contrary to appellant's contention, the trial court stated that any showing of suggestiveness of the procedures would go to the weight of the evidence rather than its admissibility, and thereafter permitted full direct and cross-examination on this issue. We conclude that the court, as trier of fact, had sufficient evidence before it to determine whether the identification of Desue was reliable. Cf. United States v. Smith, 571 F.2d 370, 373 n. 3 (7th Cir.1978) (because defendant had opportunity to present evidence regarding lineup, trial judge was able to determine whether evidence was sufficient to support a finding of violation of probation).
As to issue 2, Desue's guideline scoresheet indicates his primary offense at conviction was "UTTERING FORGED INSTRUMENT (10 cases)." Accordingly, six points for the legal constraint category were multiplied by ten, resulting in 60 points for legal constraint. We conclude that the trial court erred in applying a multiplier to appellant's original ten offenses. *935 Fla.R.Crim.P. 3.701(d)(6) ("Legal status points are to be assessed only once whether there are one or more offenses at conviction."); Jennings v. State, 595 So.2d 251, 253 (Fla. 1st DCA 1992) ("prohibition against multiplying legal status points by the number of offenses at conviction is ... applicable to the number of legal constraints reflected in the prior record"). See also Flowers v. State, 586 So.2d 1058 (Fla. 1991) (error to multiply defendant's legal constraint points by five, representing the five offenses committed while the defendant was on probation).
Desue received a guideline score of 146 points, which resulted in a recommended range of seven to nine years' incarceration, and a permitted range of 5 1/2 to 12 years. The court sentenced him to 12 years in prison. The legal constraint error reduces Desue's total score four cells from 146 to 90, producing a recommended range of 3 1/2 to 4 1/2 years and a permitted range of 2 1/2 to 5 1/2 years. The state argues that the use of the multiplier was, under the circumstances, harmless error, as the court had the discretion to increase appellant's sentence three cells, thereby resulting in the same sentence, because his probation had been revoked three successive times. See Williams v. State, 594 So.2d 273 (Fla. 1992) (when there are successive violations of probation, the sentences may be enhanced one cell or guideline range for each violation). Although the lower court did have such option, the court did not employ a three-cell bump-up at sentencing; therefore, it would be speculative for us to assume that it would have done so had appellant's scoresheet been correctly scored in the amount of 90 points. Sellers v. State, 578 So.2d 339 (Fla. 1st DCA), decision approved, 586 So.2d 340 (Fla. 1991); Deparvine v. State, 603 So.2d 679 (Fla. 1st DCA 1992). We therefore remand for resentencing based on a properly calculated scoresheet.
Desue next claims he was not given credit for two previous periods of jail time: 78 days that he served prior to the first order of revocation, and 95 days served before the second order of revocation. The state concedes that he was not credited for the 95 days; thus, it agrees he is entitled to this additional credit. The remaining 78-day period for which appellant contends his sentence was not credited, however, was already calculated as time served within the 30-month prison sentence Desue received for his first probation violation in 1988, so Desue will be credited with that time when he receives credit for the 30 months served.
Desue further claims, however, that the trial court erred in failing to state the precise amount of days he was entitled to receive as a result of the 30-month sentence by permitting the Department of Corrections (DOC) to make such calculation after sentencing.[1] Desue claims that the court, rather than DOC, should be required to make the determination. We disagree. Although we consider it preferable for a trial court to require the department's calculation of time served to be included in the presentence investigation report, so that such amount can be stated in the sentencing order, we do not consider it error for a court, as here, to simply award a defendant with time served and thereafter permit the department to make such calculation. See Wilson v. State, 603 So.2d 93 (Fla. 5th DCA 1992); Rice v. State, 563 So.2d 210 (Fla. 5th DCA 1990); Shelby v. State, 554 So.2d 24 (Fla. 2d DCA 1989); Hampton v. State, 421 So.2d 775 (Fla. 5th DCA 1982).
In regard to Desue's final argument, the state concedes that the trial court erred by failing to make the written order conform to its oral pronouncement that Desue violated probation by committing petit theft and not armed robbery. The lower court is directed to correct the order on remand.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for resentencing.
MINER and WOLF, JJ., concur.
NOTES
[1] The sentencing order provides: "DEFENDANT MAY RECEIVE ANY DOC PREVIOUSLY SERVED ALLOWED BY DOC."