PER CURIAM.
In these consolidated proceedings appellant asks that we set aside his convictions and sentences predicated upon his pleas of no contest.
In circuit court case number 92-1368, the appellant’s plea was part of a detailed plea agreement between the parties and the court, which, for reasons not apparent on the record, was not followed when appellant was later sentenced by a different judge. Because the state has conceded no basis appears in the record for deviation from the plea agreement, we reverse the conviction and sentence and remand with directions that further proceedings be held consistent with such agreement or that appellant be afforded an opportunity to withdraw his plea. See Rodriguez v. State, 610 So.2d 476 (Fla. 2d DCA 1992); Tamers v. State, 284 So.2d 402 (Fla. 4th DCA 1973).
In circuit court ease number 92-2147, appellant’s plea was entered pursuant to plea negotiations at trial, following defense counsel’s announcement that he would not defend the case on the merits because he felt an earlier plea offer by the state should be enforced. Unlike the earlier case number, 92-1368, the trial court’s sentence did not vary from the plea arrangements announced in open court. Further, no motion to withdraw this plea based upon inadequate legal representation was filed in the lower court before this appeal was taken.
While the appellant has made a strong showing of inadequate legal services at trial leading up to his plea, we stop short of setting aside the plea and the conviction based thereon. However, we do so without prejudice to appellant to seek relief from the plea in the trial court upon remand. The trial court, by way of an evidentiary hearing, is far better suited than this court to determine just what occurred leading up to the plea, and to consider appellant’s specific claims and request for relief. See Blanco v. Wainwright, 507 So.2d 1377 (Fla.1987).
We reject appellant’s claim that the trial court did not afford him a proper opportunity to address the court directly during the trial of case number 92-2147. It appears appellant never followed up on the court’s directions and his plea was entered without any further exchange on the issue. We agree with appellant, however, that the trial court erred in the imposition of fees and costs and remand for deletion of these items, although we acknowledge this issue will be moot should both of appellant’s pleas be set aside.
Accordingly, we affirm in part, and reverse in part, and remand for further proceedings in accord herewith.
ANSTEAD, HERSEY and STEVENSON, JJ., concur.