PER CURIAM.
Michael T. Rivera appeals his sentence after remand for attempted first degree murder and kidnapping, contending that he did not receive the appropriate amount of credit for time served on the original sentence. We reverse.
Rivera was originally convicted of attempted first degree murder, kidnapping, child abuse, and aggravated battery. This court reversed the two lesser convictions, and remanded for correction of the judgment and resentencing on the remaining counts. Rivera v. State, 547 So.2d 140 (Fla. 4th DCA 1989), rev. denied, 558 So.2d 19 (Fla.1990). The lower court entered a corrected judgment that reflected only the charges of attempted first degree murder and kidnapping, and vacated and set aside the aggravated battery and child abuse convictions. The trial court resentenced Rivera to the same terms, and the written sentence reflected credit for 281 days time served. Although at the sentencing hearing the lower court stated that it was entering the sentence “nunc pro tunc” to the original sentencing date of November 20, 1986, and that the department of corrections should credit him for all the time he served since November of 1986, it did not do so in the written order.
*149 We hold that Rivera should have received credit for the almost seven years he spent in prison on his original sentences. See Hampton v. State, 421 So.2d 775 (Fla. 5th DCA 1982) (agreeing that the appellant was entitled to credit against his new sentences for time he spent in prison under the vacated sentences); Craig v. State, 608 So.2d 589 (Fla. 4th DCA 1992) (defendant was entitled to credit for time served on the original sentence which was vacated by the appellate court). See also Howard v. State, 591 So.2d 1067 (Fla. 4th DCA 1991) (where written order does not conform to the oral pronouncement of judgment the latter controls). Thus, at bar we reverse and remand for the lower court to correct the written sentence to conform with the court’s oral pronouncement, thereby granting Rivera credit for all the time served since the original sentencing on November 20, 1986. Rivera need not be present at the resentencing.
GUNTHER, WARNER and POLEN, JJ., concur.