FULMER, Judge.
We reverse and remand this case for determination by the trial court of the defendant’s entitlement to credit for time served.
The defendant filed a motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, asserting six grounds for relief. The trial court denied the motion, and the defendant appealed. We affirm the trial court’s ruling on five of the grounds, but reverse for further consideration of one issue.
On October 11, 1989, the defendant was sentenced to two years’ community control for possession of cocaine and obstructing a police officer (Case # 89-15341). On November 8, 1989, in Case #89-18376, the defendant committed two additional offenses (possession of cocaine and delivery of cocaine) and was then charged with violating community control in Case #89-15341.
On March 15, 1990, the defendant was sentenced in both cases. Using one guidelines seoresheet, the judge imposed a sentence of two and one-half years in state prison in Case # 89-15341, to be followed by two and one-half years of probation in Case # 89-18376.
After being released from prison, the defendant committed additional offenses, causing her probation in Case # 89-18376 to be revoked. On October 10, 1991, she was sentenced in Case # 89-18376 to seven years in state prison to be followed by probation. The defendant was given credit for 33 days of time served in jail while awaiting sentencing.
In her Rule 3.850 motion, the defendant claimed that she should also be given credit for the time she spent in prison on Case #89-15341. We agree. Both Case #89-15341 and Case # 89-18376 were scored on the same guidelines seoresheet. Therefore, *211 the defendant is entitled to credit for the time she actually served in Case # 89-15341. Tripp v. State, 622 So.2d 941 (Fla.1993), and Gilbert v. State, 629 So.2d 303 (Fla. 2d DCA 1993).
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and BLUE, J., concur.