STEVENSON, Judge.
Appellant, Vincent Poole, appeals the judgments and sentences entered by the Circuit Court of St. Lucie County after he pled guilty in two separate cases to aggravated battery with a deadly weapon and attempted first degree murder with a deadly weapon. The two cases were consolidated for disposition in Poole v. State, 634 So.2d 1154 (Fla. 4th DCA 1994). Appellant contends, and the state concedes, that appellant pled guilty to attempted first degree murder with a deadly weapon, but the judgment inaccurately re-fleets a conviction for attempted first degree murder with a firearm. Accordingly, the judgment must be corrected to reflect attempted first degree murder with a deadly weapon.
We also agree with appellant that the trial court erred in failing to separately provide credit for jail time and prison time which appellant previously served in connection with these charges and his conviction.[1] See Rivera v. State, 638 So.2d 148 (Fla. 4th DCA 1994). Although a trial court may delegate to the Department of Corrections the task of calculating the amount of prison time to be credited, the trial court’s order must specifically adjudge that the defendant is entitled to receive it. See Bacon v. State, 647 So.2d 332 (Fla. 5th DCA 1994).
We have examined the other issues raised by appellant and find that they do not mandate reversal. Accordingly, this cause is remanded for correction of the judgment and sentence.
FARMER and PARIENTE, JJ., concur.

. The instant case involves re-sentencing on remand after an appeal where appellant had already served a portion of the prison time originally imposed. We note that none of the gain time forfeiture provisions of Chapter 944, Florida Statutes apply to this situation. Therefore, the prison time awarded must necessarily include any gain time appellant may have accumulated as a result of the prison time appellant served before he was re-sentenced.