PER CURIAM.
Michael Kendrick appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, and the order denying his motion for rehearing. We reverse and remand.
Appellant was convicted of two counts of indecent assault on June 1, 1993. The trial court sentenced him to five years in prison on count I and placed him on ten years of probation on count II, consecutive to the prison sentence in count I. After serving his sentence for count I, he was released on probation in count II; thereafter, his probation was revoked and he was sentenced to nine years in prison. The disposition sheet attached to the instant 3.850 motion indicates that he was given 347 days of credit for time served in Bro-ward County Jail, “plus credit for all FSP time he may be entitled to as to this count only (if any).” (emphasis in original). When he asked prison officials about credit for time he had served in prison on count I in calculating his release date, the response to his request, in pertinent part, was as follows:
[T]he court specifically stated you were allowed credit for time previously served on this count only, you never served any time on this count. You were previously incarcerated on this same case hut count I is what you did time for, you will not receive credit for this — unless the court issues an order granting such.
Thus, he filed the instant 3.850 motion, seeking credit for the time served in prison on count I against the nine-year sentence imposed for violation of probation in count II, attaching, as exhibit A, a copy of the disposition sheet, and as exhibit B, the inmate request and response. The trial court summarily denied the motion, stating that he was previously awarded credit for all time served. In addition to attaching the disposition sheet which appellant had filed with his motion, the trial court attached one that was almost identical, but which read, “Clarified Dispo” at the top, and which now provided that Appellant was entitled to receive “credit for all FSP time he may be entitled to as to this count only (if any).”
In Tripp v. State, 622 So.2d 941, 942 (Fla.1993), our supreme court held that “if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense.” This assertion of error is cognizable by means of a motion for postconviction relief under rule 3.850, cf. Myles v. State, 647 So.2d 210 (Fla. 2d DCA 1994) or under rule 3.800(a), cf. Staschak *70 v. State, 718 So.2d 1262 (Fla. 2d DCA 1998).
In response to this court’s order to show cause, the state argued that the clarified disposition order reflected that the trial court did give appellant credit for the time he served in prison. We disagree; neither disposition order makes it clear to the reader that the trial court awarded appellant credit for time served in prison on count I against the prison sentence imposed on count II after the violation of probation. Appellant is entitled to an order that clearly so states.
Accordingly, the order denying relief is reversed and remanded for further proceedings in accordance with this opinion.
WARNER, SHAHOOD and GROSS, JJ., concur.