PER CURIAM.
Appellant, Jimmy Smith, has timely appealed a trial court order summarily denying his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), and rejecting his sentencing challenges in two letters which followed the motion. We affirm as to all issues except the claim of scoresheet error on which we reverse.
Smith was convicted of three counts of armed robbery in 1990 and was sentenced to seven years in prison followed by probation. He also was convicted of five counts of armed robbery in 1991 and was sentenced to seven years in prison followed by probation. He violated probation and was sentenced in 1997 to twelve years in prison in both cases. He subsequently filed a motion alleging his entitlement to 292 days of jail time credit. He then filed two letters to the court, arguing points of scoresheet error.
The trial court summarily denied the motion and challenges made in the accompanying letters based upon the state’s responses. To the extent that the trial court denied pre-sentencing jail credit, we affirm. To the extent that the trial court denied post-sentencing jail credit, we affirm without prejudice to appellant’s right to seek relief from the Department of Corrections (“DOC”), and if unsatisfied, to seek recourse by petition for writ of mandamus filed in the circuit court against the DOC. See Bedford v. State, 775 So.2d 402, 402 (Fla. 4th DCA 2000); Clements v. State, 761 So.2d 1245, 1245 (Fla. 2d DCA 2000).
We affirm the denial of the rest of appellant’s sentencing challenges in his motion and two letters except for the denial of his claim of scoresheet error. In particular, we find error in the calculation of the armed robbery counts as life felonies. “Armed robbery is a first-degree felony, not a life felony, for sentencing purposes.” Simpkins v. State, 784 So.2d 1203, 1204 (Fla. 2d DCA 2001); accord *177 § 812.13(2), Fla. Stat. (1989). We also find that the total points, once correctly scored, would place appellant in a recommended range of seven to nine years in prison and a permitted range of five-and-a-half to twelve years. Appellant’s recommended and permitted ranges would be “bumped” for his probation violation to nine to twelve years, and seven to seventeen years respectively. Here, the scoresheet actually included handwritten language stating that these latter ranges were the proper ranges “without bump,” which is not correct for the reasons explained above.
Given the existence of the scoresheet error, which is apparent on the face of the record, and the indication on the score-sheet that the trial court intended to impose a sentence within the ranges without the “bump” for the probation violation, we reverse the trial court’s order to the extent that it summarily denied appellant’s score-sheet challenge and remand for further sentencing proceedings on a corrected scoresheet.
POLEN, C.J., WARNER and TAYLOR, JJ., concur.