830 So.2d 195 (2002)
Tony JEFFERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2258.
District Court of Appeal of Florida, Fourth District.
October 30, 2002.
*196 Tony Jefferson, Madison, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Tony Jefferson timely appeals the trial court's order of May 6, 2002, denying his rule 3.800(a) motion to correct an illegal sentence.
Appellant was convicted of armed robbery in two separate cases. In case number 89-1166CF (case 1) appellant was charged with four counts of armed robbery and convicted of one count on February 12, 1990. On February 16, 1990, in case number 89-1175CF (case 2) appellant was convicted as charged of one count of armed robbery. Appellant was sentenced for both cases on March 27, 1990. Appellant's guidelines range was 9-12 years and his permissible range was 7-17 years. In case 1, appellant was sentenced to 17 years in prison. In case 2, appellant was sentenced to 10 years probation consecutive to his prison sentence in case 1.
After appellant served his prison sentence in case 1, he violated his probation in case 2. On August 3, 1999, appellant pled no contest to the probation violation and was sentenced to 22 years in prison with 134 days credit for time served while he was awaiting sentencing for the violation of probation (VOP).
Appellant raises two claims in his rule 3.800(a) motion. On appellant's first claim, he argues that because both cases were originally sentenced together on the same scoresheet, he is entitled to credit for the time he served in prison on case 1 upon resentencing for a violation of probation in case 2, citing Tripp v. State, 622 So.2d 941 (Fla.1993). Appellant's claim pursuant to the holding in Tripp is cognizable under 3.800(a). See Veach v. State, 814 So.2d 1124 (Fla. 1st DCA 2002); Kendrick v. State, 736 So.2d 68 (Fla. 4th DCA 1999).
In Tripp, the Florida Supreme Court held that when separate crimes are sentenced together on the same scoresheet, "if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense." Tripp, 622 So.2d at 942. The Court gave two reasons for its holding. First, if a defendant was not given credit for time served in prison on the first offense, trial courts could easily circumvent the sentencing guidelines by sentencing at the top of the guidelines on the primary offense and ordering probation on the remaining counts. If the defendant violated probation, the court could again impose a sentence at the top of the guidelines for the remaining counts and the total sentence would exceed the range contemplated by the guidelines. Second, the Court recognized "both offenses were factors that were weighed in the original sentencing through the use of a single scoresheet and must continue to be treated in relation to each other, even after a portion of the sentence has been violated." Id. For this reason, Tripp applies even if an award of credit is not necessary to ensure the total prison time does not exceed the guidelines. See State v. Witherspoon, 810 So.2d 871 (Fla.2002).
In the instant case, the issue on appellant's first claim of error is not whether appellant is entitled to credit for *197 the time he served on his 17 year sentence. The state and the trial court agree that appellant was awarded credit for time served and gain time earned in case 1. Appellant's claim is more specifically that DOC has not calculated the credit and has refused to give effect to the court's order. Appellant alleges that based on the credit he should have received for case 1, he is entitled to immediate release. In denying appellant's claim, the trial court correctly noted that the amount of time appellant is entitled to is not apparent from the record and must be calculated by DOC. According to appellant's motion, he has repeatedly raised this issue with DOC and they have denied his claim; however, he has failed to document with record evidence what action, if any, the DOC has taken in this regard. If appellant has exhausted his administrative remedies with DOC and he is not satisfied with the result, the proper procedure is to file a petition for writ of mandamus in the trial court. Smith v. State, 819 So.2d 175 (Fla. 4th DCA 2002); Garcia v. State, 736 So.2d 1224 (Fla. 3d DCA 1999).
Because the amount of credit appellant should have received from his prior sentence is not apparent from the record, we affirm this claim without prejudice to properly raise the issue in a petition for writ of mandamus, assuming the appellant can show that he has exhausted his administrative remedies through DOC.
Appellant's second claim is that he was erroneously assessed 276 points on his VOP scoresheet. Appellant argues his VOP sentence should have been imposed based on his original scoresheet which showed a total of 205 points.
In denying appellant's claim, the trial court concluded that the sentencing judge could not use the original scoresheet because a new scoresheet was needed to reflect the violation of probation. Neither the state's response, nor the court's order, explains the difference in calculation. Comparing the original scoresheet and the VOP scoresheet, it appears the difference in points is based on treating case 1 as a prior offense rather than an additional primary offense. As appellant points out, in the original score sheet both armed robbery cases were scored together as primary offenses.
Whether the offense is scored as a primary or a prior offense can substantially affect the total score. On the VOP scoresheet, the robbery conviction in case 1, in which appellant had completed the 17-year sentence, is not scored as an additional primary offense (as it was in the original scoresheet) rather it is scored as a prior offense. As reflected in the original scoresheet, scoring a first degree felony as a second primary offense yields 84 points (70 + 14). By contrast, scoring a first degree felony as a prior offense adds 60 additional points compared to 14 additional points as a second primary offense. The net effect is to increase the total score by 46 points. Furthermore, scoring case 1 as a prior offense, allowed the state to add an additional 25 points to the VOP scoresheet under the heading of same category priors[1]. As a result, treating case 1 as a prior offense increased the total points from the original scoresheet by 71 points (46 plus 25). This raised appellant's total score from 205 to 276 points. Such scoresheet errors are cognizable under Rule 3.800(a). See Russell v. State, 782 So.2d 992, 993 n. 1 (Fla. 4th DCA 2001).
*198 The state acknowledges that when a court sentences a defendant for a violation of probation, the court must use the original scoresheet. The state also acknowledges the difference in points between the original scoresheet (205 points, permissible sentencing range 7-17 years) and the new scoresheet (276 points, permissible sentencing range 9-22 years) appears to be in error. The state concedes that the case should be remanded to correct the scoresheet. However, the state maintains the error is harmless because the difference between the original and the new scoresheet is one cell and the trial court could have increased the sentencing range by one cell bump up for the VOP, raising the permissible range to 9-22 years. Accordingly, the state asks that we affirm appellant's sentence and remand to correct the scoresheet.
The state's harmless error argument, i.e. that the trial court has the discretion upon resentencing to impose a one cell bump up because of the VOP resulting in a permissible sentence of 22 years, has been rejected in Desue v. State, 605 So.2d 933 (Fla. 1st DCA 1992). In Desue, the appellant contended, inter alia, that the trial court erred in imposing a sentence following a VOP by using a multiplier to calculate legal constraint points on appellant's guideline scoresheet. The state argued that the use of the multiplier was harmless error because the trial court had the discretion to increase the appellant's sentence three cells for having his probation revoked three successive times thereby resulting in the same sentence. In rejecting the state's argument in Desue, the appellate court reasoned: "Although the lower court did have such option, the court did not employ a three-cell bump-up at sentencing; therefore, it would be speculative for us to assume that it would have done so had appellant's scoresheet been correctly scored in the amount of 90 points." Id. at 935; see also Sellers v. State, 578 So.2d 339 (Fla. 1st DCA), approved, State v. Sellers, 586 So.2d 340 (Fla.1991) (rejecting this harmless error argument and holding that only where the appellate court is convinced the trial court would have imposed the same sentence, notwithstanding the scoresheet error, will the sentence be affirmed as harmless).
Similarly, in the instant case the trial court sentenced appellant to 22 years based on 276 total sentencing points. The court did not exercise its discretion to impose a one cell bump up. To assume the court would have used the one cell bump up if it had a corrected scoresheet is speculative. Furthermore, appellant alleges that he pled no contest to the VOP based on a plea agreement that provided he would be sentenced within the permissible range without a cell bump-up. The state's response and the record provided do not refute appellant's claim about the plea agreement.
For the above stated reasons on the appellant's second claim of error, we reverse and remand for resentencing.
Affirmed in part and reversed in part.
POLEN, C.J. and GUNTHER, J., concur.
NOTES
[1] In the original scoresheet, there had been only one same category prior offense resulting in 25 additional sentencing points, not the 50 sentencing points listed in the VOP sentencing scoresheet.