PER CURIAM.
We affirm the trial court’s summary denial of appellant’s 3.800(a) motion for additional county jail credit applied against his eight-year sentence in case no. 97-24413 CF10. The allegations of his motion are insufficient to show entitlement to additional credit. The Department of Corrections (“Department”) is responsible for computing credit for time spent in county jail after sentencing. See § 921.161(2), Fla. Stat. (2002). If the post-sentence credit is incorrect, appellant should pursue his administrative remedies. If appellant is not satisfied after exhausting his administrative remedies, then he can file a petition for writ of mandamus in the circuit court in the county in which he is incarcerated. See Jefferson v. State, 830 So.2d 195, 197 (Fla. 4th DCA 2002); Colson v. State, 830 So.2d 194 (Fla. 4th DCA 2002); Killings v. State, 567 So.2d 60 (Fla. 4th DCA 1990). The county jail where appellant was incarcerated after sentencing was required, when delivering Grant to the Department, to certify in writing “[t]he date the sentence was imposed and the date the prisoner was delivered to the department.” See § 921.161(2)(a). Our affirmance in this case is without prejudice to pursue appropriate remedies.
AFFIRMED.
FARMER, KLEIN and GROSS, JJ., concur.