PER CURIAM.
We affirm the trial court’s summary denial of appellant’s 3.800(a) motion for additional county jail credit. The allegations of his motion are insufficient to show entitlement to additional credit to be awarded by the trial court. The Department of Corrections (“Department”) is responsible for computing credit for time spent in county jail after sentencing. See § 921.161(2), Fla. Stat. (2002). If the post-sentence credit is incorrect, appellant should pursue his administrative remedies. If he is not satisfied after exhausting his administrative remedies, then he can file a petition for writ of mandamus in the circuit court in the county in which he is incarcerated. See Grant v. State, 837 So.2d 1075 (Fla. 4th DCA 2003); Jefferson v. State, 830 So.2d 195, 197 (Fla. 4th DCA 2002); Colson v. State, 830 So.2d 194 (Fla. 4th DCA 2002); Killings v. State, 567 So.2d 60 (Fla. 4th DCA 1990).
*826 Our affirmance in this case is without prejudice to pursue appropriate remedies.
AFFIRMED.
WARNER, POLEN and TAYLOR, JJ., concur.