PER CURIAM.
Appellant challenges the trial court’s summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) alleging a scoresheet error. We reject the argument that the error is harmless, and reverse.
On October 6, 1993, Appellant pled guilty to two counts of attempted capital sexual battery, lesser-included offenses of capital sexual battery, and was sentenced pursuant to a scoresheet to seven years’ imprisonment followed by five years’ probation. Appellant was found to have violated his probation on three separate occasions. On the most recent occasion, Appellant was sentenced to 25 years’ imprisonment. Appellant filed the instant motion alleging his sentence is illegal arguing his scoresheet erroneously indicates 314 points for the primary offense instead of 259 points, and the sentence imposed could not be imposed under a properly calculated scoresheet with a one-cell bump. The trial court denied the motion based on the State’s argument that the error is harmless because Appellant violated probation three times, permitting three cell bumps and a sentencing range from 12-27 years’ imprisonment.
If Appellant is correct that he pled to a lesser-included offense, then he was improperly assessed 314 points instead of 259 points because attempted capital sexual battery is a first-degree felony. § 794.02, Fla. Stat. (Supp.1992); § 777.04(4)(c), Fla. Stat. (1991); Fla. R.Crim. P. 3.988(a). Appellant acknowledges the trial court incorporated a one-cell bump at his most recent violation of probation sentencing. This reduction in points, plus the one-cell bump the trial court initially chose to incorporate, decreases Appellant’s sentencing exposure to a range of 7-17 years’ imprisonment, which is less than his current 25-year sentence.
We reject the contention that the calculation error is harmless. Although the trial court was permitted to incorporate a three-cell bump, increasing Appellant’s sentencing range from 12-27 years’ imprisonment, which would have resulted in the 25-year sentence being legal, we will not speculate that the trial court would have chosen to do so had Appellant’s scoresheet been properly calculated. See Jefferson v. State, 830 So.2d 195 (Fla. 4th DCA 2002).
This court has held that “when the deletion of improperly included points in the guidelines score results in a reduction of one or more cells, the sentence should be vacated and the cause remanded for resen-tencing upon a properly calculated score-sheet.” Sellers v. State, 578 So.2d 339, 341 (Fla. 1st DCA 1991), approved, 586 So.2d 340 (Fla.1991).
We reverse the trial court’s denial of Appellant’s motion and remand with instructions to attach portions of the record conclusively demonstrating Appellant is not entitled to be resentenced, or to resen-tence Appellant pursuant to a correctly calculated scoresheet. Upon resentencing, it is within the trial court’s discretion to incorporate a three-cell bump based on the three violations of probation.
REVERSED and REMANDED.
HAWKES and THOMAS, JJ., and ERVIN, III, RICHARD W., Senior Judge, concur.