# Supreme Court of Florida

_____

No. SC16-1222
_____

**MICHAEL CHARLES DESUE,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[March 23, 2017]

PER CURIAM.

Michael Charles Desue has filed a pro se petition for writ of habeas corpus

with the Court.[1]  This is the twenty-seventh petition or notice Desue has filed with

this Court.  We dismissed the petition, retained jurisdiction, and directed Desue to

show cause why he should not be sanctioned for his abuse of the Court's limited

resources.  Desue v. Jones, No. SC16-1222, Order at 1, (Fla. Sept. 29, 2016); see

Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Desue has a long history with the courts of this state.  In 1987, he was

convicted of several counts of uttering forgery in the Circuit Court for the

_____

1.  We have jurisdiction.  See art. V, § 3(b)(9), Fla. Const.

Fourteenth Judicial Circuit, in and for Bay County, Florida, and sentenced to a term of probation (Case Nos. 87-CF-155, 87-CF-156, 87-CF-157, 87-CF-392, 87-CF-393, 87-CF-400, 87-CF-401, 87-CF-433, 87-CF-434, and 87-CF-435). See Desue v. State, 605 So. 2d 933, 934 (Fla. 1st DCA 1992). The circuit court subsequently revoked Desue's probation in 1989 and sentenced him to a term of years on each forgery conviction. The First District Court of Appeal affirmed each conviction on appeal. Id.

In 1992, Desue was convicted of robbery with a deadly weapon and robbery without a weapon in the Fourteenth Judicial Circuit (Case No. 92-CF-266). The circuit court sentenced Desue as a habitual felony offender to life in prison on the robbery with a deadly weapon count, and to thirty years' imprisonment on the robbery without a weapon count. In 1994, the First District affirmed Desue's convictions and sentences. Desue v. State, 638 So. 2d 940 (Fla. 1st DCA 1994) (table).

After his convictions and sentences became final, Desue repeatedly sought postconviction relief in the Fourteenth Judicial Circuit and the First District. His repeated attempts to obtain such relief resulted in both the Fourteenth Judicial Circuit and the First District barring him from filing any further pro se requests for relief. Desue v. Tucker, 100 So. 3d 151 (Fla. 1st DCA 2012); State v. Desue, No. 92-CF-266 (Fla. 14th Cir. Ct. Apr. 25, 2007). Desue has filed twenty-six other

petitions or notices with this Court since 2000, the vast majority of which have concerned his 1987 forgery convictions and his 1992 robbery convictions and sentences.[2] We have never granted Desue the relief sought in any of his filings.

Desue's habeas petition in this case, like the vast majority of his other filings with this Court, challenged his 1987 forgery convictions and his 1992 robbery

_____

2. See Desue v. Jones, No. SC16-720 (Fla. June 16, 2016) (habeas petition dismissed); Desue v. State, No. SC16-308 (Fla. Apr. 14, 2016) (mandamus petition denied); Desue v. Jones, No. SC16-501 (Fla. Mar. 22, 2016) (notice of appeal transferred); Desue v. State, No. SC15-259 (Fla. Feb. 16, 2015) (notice of appeal transferred); Desue v. Crews, 143 So. 3d 917 (Fla. 2014) (table) (habeas petition dismissed as unauthorized); Desue v. Kinsaul, 129 So. 3d 1067 (Fla. 2013) (table) (mandamus petition dismissed); Desue v. State, 129 So. 3d 1067 (Fla. 2013) (table) (petition for belated discretionary review denied); Desue v. Crews, 123 So. 3d 557 (Fla. 2013) (table) (notice to invoke discretionary jurisdiction denied); Desue v. Tucker, 104 So. 3d 1083 (Fla. 2012) (table) (notice to invoke discretionary jurisdiction denied); Desue v. State, 90 So. 3d 270 (Fla. 2012) (table) (prohibition petition denied in part and dismissed in part); Desue v. Tucker, 90 So. 3d 270 (Fla. 2012) (table) (prohibition petition denied); Desue v. State, 88 So. 3d 148 (Fla. 2012) (table) (prohibition petition denied); Desue v. State, 74 So. 3d 1083 (Fla. 2011) (table) (all writs petition dismissed); Desue v. State, 46 So. 3d 565 (Fla. 2010) (table) (mandamus petition denied); Desue v. McNeil, No. SC10-1252 (Fla. June 29, 2010) (notice of appeal transferred); Desue v. McNeil, No. SC10-122 (Fla. Feb. 24, 2010) (mandamus petition transferred); Desue v. State, No. SC09-2185 (Fla. Jan. 4, 2010) (mandamus petition transferred); Desue v. McNeil, 26 So. 3d 1290 (Fla. 2009) (table) (prohibition petition denied); Desue v. State, 23 So. 3d 711 (Fla. 2009) (table) (prohibition petition denied); Desue v. McNeil, 993 So. 2d 511 (Fla. 2008) (table) (habeas petition dismissed); Desue v. State, No. SC08-837 (Fla. May 2, 2008) (notice of appeal transferred); Desue v. State, 980 So. 2d 488 (Fla. 2008) (table) (prohibition petition denied); Desue v. State, 966 So. 2d 965 (Fla. 2007) (table) (notice to invoke discretionary jurisdiction dismissed); Desue v. State, 962 So. 2d 336 (Fla. 2007) (table) (notice to invoke discretionary jurisdiction dismissed); Desue v. State, 930 So. 2d 621 (Fla. 2006) (table) (notice to invoke discretionary jurisdiction denied); Desue v. State, 786 So. 2d 1184 (Fla. 2001) (table) (habeas petition dismissed).

- 3 -

convictions and sentences. He also challenged the application of the circuit court's pro se barring order to a habeas petition he attempted to file there. We dismissed Desue's habeas petition in part, see Pettway v. State, 776 So. 2d 930, 931 (Fla. 2000), and dismissed it as unauthorized in part, see Baker v. State, 878 So. 2d 1236 (Fla. 2004). In so doing, and in accordance with State v. Spencer, 751 So. 2d 47 (Fla. 1999), we expressly retained jurisdiction and directed Desue to show cause why he should not be barred from filing any further pro se requests for relief concerning his 1987 and 1992 convictions and sentences, and referred to the Florida Department of Corrections for possible disciplinary action pursuant to section 944.279(1), Florida Statutes (2016).

In response to the show cause order, Desue submitted a response containing the same arguments he presented to this Court in his habeas petition. Only briefly in his response does Desue express any remorse for his repeated misuse of this Court's limited resources. However, in light of Desue's substantial filing history with this Court, we find that this brief showing of remorse is insufficient to excuse his repeated misuse of this Court's limited resources. We are convinced that, if left unrestrained, Desue will continue to abuse this Court's limited resources and continue filing requests for relief that are either frivolous, meritless, or otherwise inappropriate for review by this Court. Accordingly, we conclude that Desue's response fails to show cause why he should not be sanctioned. We also conclude

that the petition filed by Desue in this case is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279(1), Fla. Stat. (2016).

We therefore direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Michael Charles Desue that pertain to circuit court case numbers 87-CF-155, 87-CF-156, 87-CF-157, 87-CF-392, 87-CF-393, 87-CF-400, 87-CF-401, 87-CF-433, 87-CF-434, 87-CF-435, and 92-CF-266, unless such filings are signed by a member in good standing of The Florida Bar. Henceforth, Desue may only petition the Court about his convictions or sentences in these cases through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith. Additionally, because we find that the petition filed in this case by Desue is a frivolous proceeding filed by a state prisoner, and consistent with section 944.279(1), Florida Statutes (2016), we direct the Clerk of this Court to forward a certified copy of this opinion to the Florida Department of Corrections' institution or facility where Desue is incarcerated. See Steele v. State, 14 So. 3d 221, 224 (Fla. 2009).

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur.
LAWSON, J., did not participate.

Original Proceeding – Habeas Corpus

Michael Charles Desue, pro se, Carrabelle, Florida,

    for Petitioner

No appearance for Respondent