The petition for writ of mandamus is hereby dismissed because petitioner raises the same issues as in Raghubir v. State, No. SC18-714, 2018 WL 2230720 (Fla. May 16, 2018), in which the petition was transferred to the district court.
This Court hereby expressly retains jurisdiction to pursue any possible sanctions against petitioner. See generally Fla. R. App. P. 9.410(a).
Since 2017, petitioner has filed twenty-one other petitions or notices with the Court. To date, the Court has transferred, dismissed, or denied thirteen of petitioner's filings. See Raghubir v. State, No. SC18-712, 2018 WL 2427620 (Fla. May 30, 2018) (denying quo warranto petition); Raghubir v. State, No. SC18-713, 2018 WL 2427621 (Fla. May 30, 2018) (dismissing mandamus petition); Raghubir v. State, No. SC18-716, 2018 WL 2427623 (Fla. May 30, 2018) (denying quo warranto petition); Raghubir v. State, No. SC18-526, 2018 WL 2318094 (Fla. May 22, 2018) (denying mandamus petition in part, and dismissing petition in part for lack of jurisdiction); Raghubir v. State, No. SC18-704, 2018 WL 2324303 (Fla. May 22, 2018) (denying prohibition petition); Raghubir v. State, No. SC18-711, 2018 WL 2230478 (Fla. May 16, 2018) (transferring quo warranto petition *693 to the circuit court); Raghubir v. State, No. SC18-714, 2018 WL 2230720 (Fla. May 16, 2018) (transferring mandamus petition to the Fifth DCA for consideration as a notice of appeal); Raghubir v. State, No. SC18-705, 2018 WL 2192456 (Fla. May 14, 2018) (transferring mandamus petition to the Fifth DCA for consideration in the context of pending case number 5D17-912); Raghubir v. State, No. SC18-599, 2018 WL 1877778 (Fla. April 19, 2018) (dismissing notice to invoke discretionary jurisdiction for lack of jurisdiction); Raghubir v. State, No. SC18-252, 2018 WL 1151801 (Fla. Mar. 5, 2018) (transferring prohibition petition to the Fifth DCA for consideration in the context of pending case number 5D17-912); Raghubir v. State, No. SC18-228, 2018 WL 818074 (Fla. Feb. 12, 2018) (dismissing notice to invoke discretionary jurisdiction for lack of jurisdiction); Raghubir v. State, No. SC18-234, 2018 WL 824220 (Fla. Feb. 12, 2018) (dismissing notice to invoke discretionary jurisdiction for lack of jurisdiction); Raghubir v. Jones, No. SC17-893, 2017 WL 2481489 (Fla. June 8, 2017) (transferring habeas corpus petition to the Fifth DCA for consideration in the context of case numbers 5D16-3298 and 5D17-912).
This Court has chosen to sanction pro se petitioners who have abused the judicial process and otherwise misused this Court's limited judicial resources by filing frivolous, non-meritorious, or otherwise inappropriate filings. Such petitioners have been barred from initiating further proceedings in this Court unless their pleadings, motions, or other requests for relief were filed under the signature of a member of The Florida Bar in good standing. See, e.g., Desue v. Jones, 213 So.3d 801 (Fla. 2017); Steele v. State, 14 So.3d 221 (Fla. 2009); Pettway v. McNeil, 987 So.2d 20 (Fla. 2008).
It appearing that petitioner has abused the judicial process by filing numerous pro se filings in this Court that are either meritless or not appropriate for this Court's review, the Court now takes action. Therefore, Vinodh M. Raghubir is hereby directed to show cause on or before June 28, 2018, why he should not be barred from filing any pleadings, motions, or other requests for relief in this Court related to circuit and district court case numbers 482016CF001833000AOX, 482016CF005231000AOX, 5D17-3644, and 5D17-912, unless such filings are signed by a member of The Florida Bar in good standing.