# Supreme Court of Florida

_____

No. SC18-825
_____

**VINODH M. RAGHUBIR,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

August 30, 2018

PER CURIAM.

This case is before the Court on the pro se petition of Vinodh Raghubir for a writ of mandamus. We have jurisdiction. *See* art. V, § 3(b)(8), Fla. Const. Petitioner Raghubir has pro se filed forty-two petitions or notices with this Court since May 2017. On June 11, 2018, we dismissed the instant petition, expressly retained jurisdiction, and ordered Raghubir to show cause why he should not be barred from filing further pro se requests for relief in this Court related to circuit and district court case numbers 482016CF001833000AOX, 482016CF005231000AOX, 5D17-3644, and 5D17-912. *See Raghubir v. State*, No. SC18-825, 2018 WL 2772735 (Fla. June 11, 2018).

We now find that Raghubir has failed to show cause why he should not be barred, and we sanction him as set forth below.

In Ninth Judicial Circuit Court (Orange County) case number 16-CF-001833, Raghubir was convicted of one count of fraudulent use of personal identification information and one count of organized fraud of less than $20,000; he was sentenced to two years on each count on August 26, 2016. His convictions and sentences were per curiam affirmed on direct appeal. *Raghubir v. State*, 228 So. 3d 579 (Fla. 5th DCA 2017) (table). In Ninth Judicial Circuit Court (Orange County) case number 16-CF-005231, Raghubir was convicted of one count of organized fraud of $50,000 or more and one count of grand theft over $20,000 and less than $100,000; he was sentenced to four years on each count on March 13, 2017. Raghubir's direct appeal of that case was dismissed by the Fifth District Court of Appeal on July 17, 2018.

Since May 2017, Raghubir has demonstrated a pattern of vexatious filing of meritless pro se requests for relief in this Court. Including the petition in the instant case, Raghubir has filed forty-two pro se notices or petitions with this Court since 2017. The Court has disposed of thirty-two of these filings to date, not including the petition in this case. This Court has never granted Raghubir the relief sought in any of his filings here. Each of the notices and petitions was denied,

dismissed, or transferred to another court for consideration; his petition in this case

is no exception.[1]

---

1. *See Raghubir v. Fla. Dep't of Corr.*, No. SC18-1206, 2018 WL 3634953 (Fla. July 30, 2018) (transferring mandamus petition to circuit court); *Raghubir v. Jones*, No. SC18-1010, 2018 WL 3637070 (Fla. July 20, 2018) (transferring habeas petition to circuit court); *Raghubir v. State*, No. SC18-894, 2018 WL 3359710 (Fla. July 10, 2018) (denying mandamus petition); *Raghubir v. State*, No. SC18-895, 2018 WL 3342517 (Fla. July 9, 2018) (dismissing quo warranto petition); *Raghubir v. State*, No. SC18-893, 2018 WL 3342516 (Fla. July 9, 2018) (dismissing quo warranto petition); *Raghubir v. State*, No. SC18-874, 2018 WL 3343257 (Fla. July 9, 2018) (dismissing quo warranto petition); *Raghubir v. State*, No. SC18-873, 2018 WL 3342513 (Fla. July 9, 2018) (dismissing quo warranto petition); *Raghubir v. State*, No. SC18-871, 2018 WL 3342506 (Fla. July 9, 2018) (dismissing quo warranto petition); *Raghubir v. State*, No. SC18-870, 2018 WL 3323499 (Fla. July 6, 2018) (dismissing quo warranto petition); *Raghubir v. State*, No. SC18-824, 2018 WL 3323453 (Fla. July 6, 2018) (dismissing quo warranto petition); *Raghubir v. State*, No SC18-823, 2018 WL 3323886 (Fla. July 6, 2018) (dismissing quo warranto petition); *Raghubir v. State*, No. SC18-918, 2018 WL 3239288 (Fla. July 3, 2018) (denying prohibition petition); *Raghubir v. State*, No. SC18-1044, 2018 WL 3207130 (Fla. June 29, 2018) (dismissing petition seeking belated discretionary review for lack of jurisdiction); *Raghubir v. State*, No. SC18-837, 2018 WL 3159064 (Fla. June 27, 2018) (denying quo warranto petition); *Raghubir v. State*, No. SC18-838, 2018 WL 3159167 (Fla. June 27, 2018) (dismissing quo warranto petition as facially insufficient); *Raghubir v. State*, No. SC18-868, 2018 WL 3135192 (Fla. June 25, 2018) (denying prohibition petition); *Raghubir v. State*, No. SC18-840, 2018 WL 3013791 (Fla. June 15, 2018) (transferring quo warranto petition to the circuit court); *Raghubir v. State*, No. SC18-783, 2018 WL 2976026 (Fla. June 14, 2018) (dismissing quo warranto petition as facially insufficient); *Raghubir v. State*, No. SC18-712, 2018 WL 2427620 (Fla. May 30, 2018) (denying quo warranto petition); *Raghubir v. State*, No. SC18-713, 2018 WL 2427621 (Fla. May 30, 2018) (dismissing mandamus petition); *Raghubir v. State*, No. SC18-716, 2018 WL 2427623 (Fla. May 30, 2018) (denying quo warranto petition); *Raghubir v. State*, No. SC18-526, 2018 WL 2318094 (Fla. May 22, 2018) (denying mandamus petition in part, and dismissing petition in part for lack of jurisdiction); *Raghubir v. State*, No. SC18-704, 2018 WL 2324303 (Fla. May 22, 2018) (denying prohibition petition); *Raghubir v. State*, No. SC18-711, 2018 WL 2230478 (Fla. May 16, 2018) (transferring quo

Raghubir filed the instant petition for writ of mandamus with this Court on May 22, 2018. In it, Raghubir argued that the circuit court had been deceived and entered a fraudulent order. Because Raghubir had raised the same claim in *Raghubir v. State*, No. SC18-714 (Fla. May 16, 2018), in which the petition was transferred to the district court, on June 11, 2018, we dismissed the petition and expressly retained jurisdiction to consider the imposition of sanctions. In accordance with *State v. Spencer*, 751 So. 2d 47 (Fla. 1999), we ordered Raghubir to show cause why he should not be barred from filing further pro se requests for relief.

---

warranto petition to circuit court); *Raghubir v. State*, No. SC18-714, 2018 WL 2230720 (Fla. May 16, 2018) (transferring mandamus petition to the district court of appeal for consideration as a notice of appeal); *Raghubir v. State*, No. SC18-705, 2018 WL 2192456 (Fla. May 14, 2018) (transferring mandamus petition to the district court of appeal for consideration in the context of pending case number 5D17-912); *Raghubir v. State*, No. SC18-599, 2018 WL 1877778 (Fla. Apr. 19, 2018) (dismissing notice to invoke discretionary jurisdiction for lack of jurisdiction); *Raghubir v. State*, No. SC18-252, 2018 WL 1151801 (Fla. Mar. 5, 2018) (transferring prohibition petition to the district court of appeal for consideration in the context of pending case number 5D17-912); *Raghubir v. State*, No. SC18-228, 2018 WL 818074 (Fla. Feb. 12, 2018) (dismissing notice to invoke discretionary jurisdiction for lack of jurisdiction); *Raghubir v. State*, No. SC18-234, 2018 WL 824220 (Fla. Feb. 12, 2018) (dismissing notice to invoke discretionary jurisdiction for lack of jurisdiction); *Raghubir v. Jones*, No. SC17-893, 2017 WL 2481489 (Fla. June 8, 2017) (transferring habeas corpus petition to the district court of appeal for consideration in the context of case numbers 5D16-3298 and 5D17-912).

Raghubir filed a response to this Court's order and a "Motion to Recuse Panel of Judges or Disqualify for All Cases Stemming from and Including 2016CF1833 and 2016CF5231."  In his response, Raghubir claims that in order to determine that his pro se filings are meritless, this Court must address the merits of his claims and make relevant findings.  Raghubir further claims that his cases are of great public importance, and restates the challenges to his convictions that he has raised numerous times before this Court.  In his motion, Raghubir states that his pleadings clearly demonstrate fraud, deceit, collusion, and crimes committed by government actors.  He further states that there is a clear conspiracy to interfere with his civil rights and that the courts have subverted impartiality and due process.  Neither of Raghubir's filings contain any justification for his continued abuse of this Court's limited resources by filing numerous meritless pro se notices and petitions.

Therefore, based on Raghubir's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused this Court's limited judicial resources.  *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their

legitimate filings"). If no action is taken, Raghubir will continue to burden this Court's resources.

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Vinodh Raghubir related to circuit and district court case numbers 482016CF001833000AOX, 482016CF005231000AOX, 5D17-3644, and 5D17-912, unless such filings are signed by a member in good standing of The Florida Bar. Henceforth, Raghubir may only petition this Court through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

Raghubir's "Motion to Recuse Panel of Judges or Disqualify for All Cases Stemming from and Including 2016CF1833 and 2016CF5231" is hereby denied.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

Original Proceeding – Mandamus

Vinodh M. Raghubir, pro se, Cross City, Florida,

for Petitioner

No appearance for Respondent