TAYLOR, J.
Appellant was found guilty of violating his probation by failing to attend school on a regular basis and by committing a new offense, grand theft. He contends that the evidence adduced on the grand theft *131 charge was insufficient to support revocation. We agree and reverse.
With respect to the grand theft charge, Officer Brian Yancey of the Miramar Police Department was the only witness to testify at the revocation hearing. He testified that he was dispatched to a suspicious incident on Sherman Circle North in Mira-mar. When he arrived, he observed a Lincoln Navigator with the front left wheel and tire missing. Four cinder blocks had been placed underneath to keep the vehicle off the ground. Officer Yancey was told that Officer Rajawa had left the scene in pursuit of a black Ford Explorer after questioning a witness and learning that two unknown persons were seen loading materials from the Navigator into the Explorer. Upon contact with that vehicle, Officer Rajawa noticed a Navigator wheel and tire in the rear portion of the Explorer. These items were determined to be the missing wheel and tire from the Lincoln Navigator. Officer Rajawa reported to Officer Yancey that when he stopped the vehicle, appellant and two other persons were seated inside the Explorer. When Officer Yancey received this information from Officer Rajawa, he was still located at Sherman Circle investigating the crime scene.
When Officer Yancey arrived at the location where Officer Rajawa had encountered the Explorer, appellant and the other two suspects had already been taken into custody and were seated in the back of police patrol cars. Officer Yancey thus did not personally observe appellant in the Ford Explorer with the stolen tire and wheel.
Officer Yancey testified that he took a taped statement from a co-defendant implicating appellant in the theft. He said that the co-defendant stated that appellant and another co-defendant picked him up from home after removing the first tire from the Navigator and then took him back with them to remove the other wheels and tires. Appellant and the other co-defendant did not make any statements.
The trial court found that appellant violated his probation by committing the new offense of grand theft. In so ruling, the court acknowledged that the co-defendant’s hearsay statement implicating appellant would be insufficient alone to support revocation. The court determined, however, that the co-defendant’s statement, in combination with non-hearsay testimony about appellant’s possession of recently stolen property, would be sufficient to support a revocation. As the court pointed out, it could revoke appellant’s probation by relying on the presumption that arises from the possession of recently stolen property. However, the proof of possession of stolen property that the court relied upon was not non-hearsay evidence. It was hearsay testimony that the court mistook as direct evidence due to the state’s incorrect argument that Officer Yancey had personally observed appellant in the car with the stolen property. Contrary to the state’s summation of the evidence, the record reflects that Officer Yan-cey testified that he did not see appellant in the Explorer with the stolen wheel and tire. He was simply told this by Officer Rajawa. When Officer Yancey first encountered appellant, appellant was seated in the back of a police patrol car. Thus, the court was misled into considering the evidence of appellant’s possession of the stolen property as non-hearsay evidence of appellant’s wrongdoing.
We agree with appellant that the evidence presented at the probation revocation hearing was insufficient to support the revocation. Probation cannot be revoked based solely on hearsay. See Hall v. State, 744 So.2d 517, 520 (Fla.3d DCA 1999)(holding that a person’s probation *132 cannot be revoked solely on the basis of hearsay evidence); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977)(reversing an order of revocation where the only evidence connecting appellant to the burglary was the hearsay testimony by a police officer that another participant in the burglary had implicated appellant).
It is well-established, however, that probation can be revoked upon a combination of hearsay and non-hearsay evidence. See Lacey v. State, 831 So.2d 1267, 1269 (Fla. 4th DCA 2002)(citing Thomas v. State, 711 So.2d 96 (Fla. 4th DCA 1998)); see also Wilcox v. State, 770 So.2d 733, 736 (Fla. 4th DCA 2000)(holding that probation can be revoked on the basis of hearsay inadmissible at a criminal trial in combination with other admissible evidence). The problem in this case, though, is that the state presented no non-hearsay evidence that appellant was present in the vehicle where the stolen tire and wheel were located. Officer Yancey’s testimony regarding these facts was based solely on information he received from another officer.
Officer Yancey testified to just- seeing appellant in the back of the patrol car. Probation cannot be revoked solely on proof that one has been arrested. See In the Interest of L.S., 553 So.2d 345 (Fla. 4th DCA 1989)(“Mere evidence of an arrest is insufficient to violate a juvenile’s community control.”); Purvis v. State, 397 So.2d 746 (Fla. 5th DCA 1981)(holding that evidence of a probationer’s arrest, without more, will not support a revocation of probation). Thus, this testimony, even combined with the co-defendant’s hearsay statements, was not sufficient to support the revocation.
While it is undisputed that appellant violated the terms of his probation by failing to attend school, we are not certain whether the trial court would have revoked his probation and imposed the same sentence based solely on this violation. Therefore, we reverse and remand this case with directions to delete the finding that the defendant violated probation by committing the offense of grand theft and remand for a new disposition hearing only on the finding that appellant violated probation by failing to attend school. See Stevens v. State, 823 So.2d 319, 322 (Fla. 2nd DCA 2002)(remanding for the trial court to consider whether it would have revoked probation based only on violation of failing to perform work hours in equal monthly installments); Williams v. State, 787 So.2d 180, 182 (Fla. 2nd DCA 2001)(re-manding for the trial court to consider whether it would have revoked probation on the sole basis of failure to perform community service).
REVERSED and REMANDED.
GUNTHER and STONE, JJ., concur.