921 So.2d 763 (2006)
Nakia DAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3900.
District Court of Appeal of Florida, First District.
February 22, 2006.
*764 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, Attorneys for Appellant.
Charlie Crist, Attorney General, and Elizabeth F. Duffy, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
PER CURIAM.
This is an appeal from an order revoking Appellant's probation, adjudicating her guilty of abuse of a disabled adult, and sentencing her to 30 months' imprisonment. Because the trial court relied on hearsay evidence to revoke Appellant's probation, we reverse.
Appellant was convicted of abuse of a disabled adult, adjudication was withheld, and she was placed on probation for 36 months. Appellant was charged with violating the special condition of her probation prohibiting her from working with disabled individuals. At the revocation hearing, Mary Lee Donaldson, an employee of TLC Caregivers, a company which provides services to the elderly and disabled, testified that she hired Appellant to work for TLC Caregivers. Ms. Donaldson testified that Appellant was assigned to work at the hospital. Ms. Donaldson admitted that she never saw Appellant at the hospital, but that another employee informed her that Appellant was present at the hospital. Appellant denied reporting to the hospital. The trial court, noting that Ms. Donaldson's testimony was hearsay, revoked Appellant's probation.
"The trial court has broad discretion to determine whether there has been a willful and substantial violation of a term of probation and whether such a violation has been demonstrated by the greater weight of the evidence." State v. Carter, 835 So.2d 259, 262 (Fla.2002). However, probation may not be revoked based solely on hearsay evidence. J.F. v. State, 889 So.2d 130, 131 (Fla. 4th DCA 2004). In this case, the only evidence that showed that Appellant worked with a disabled individual was Ms. Donaldson's hearsay testimony. It was error for the trial court to rely solely on hearsay evidence in revoking Appellant's probation. Id. at 131 (holding that it was error for the trial court to revoke the appellant's probation for committing grand theft when the only evidence linking him to the crime was an officer's testimony that another officer had seen the appellant with the recently stolen property); Thompson v. State, 890 So.2d 382 (Fla. 2d DCA 2004) (holding that an officer's testimony that a third party informed him that the appellant failed to complete a treatment program was hearsay and could not be a basis for revocation of probation). Therefore, we reverse the *765 trial court's revocation of Appellant's probation.
REVERSED.
KAHN, C.J., PADOVANO and THOMAS, JJ., concur.