962 So.2d 394 (2007)
Russell Levon JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5315.
District Court of Appeal of Florida, Second District.
August 10, 2007.
*395 James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Russell Johnson appeals from the revocation of his probation, contending that the evidence presented by the State was legally insufficient to support a finding that he had willfully and substantially violated his probation. The trial court found that Johnson had violated his probation by committing new law offenses. Because the only evidence linking Johnson to the alleged new offenses was hearsay, we reverse and remand for Johnson to be reinstated to probation.
The revocation hearing in this case was held on three separate days over a period of a month. On the first day of the hearing, the State called several individuals who testified that on the night of April 30, 2006, the tires on their vehicles had been slashed. Some of these individuals also testified that items had been stolen from their vehicles. One of these individuals, a Ms. Pressley, testified that all four tires on her car were slashed and "money" was stolen from the console of her car. She testified that the "money" totaled eight or nine dollars. Neither Ms. Pressley nor any of the other individuals who testified saw who committed these crimes.
On the second day of the hearing, Johnson called several witnesses who provided him with an alibi for portions of the evening of April 30, 2006. On the third day of the hearing, the State called various police officers who were involved in the investigation of the crimes. At this hearing, Officer Timothy Bergman testified that he was on patrol on the evening of April 30, 2006, when he spotted Johnson walking down the street pushing a large, wheeled garbage can and pulling a pressure washer. Officer Bergman pulled up alongside Johnson and asked him where he got the items. Johnson told him that the items belonged to him, that he performed masonry work, and that he was heading to work with the items.
During this brief conversation, Officer Bergman noticed that there were two knives sticking up from the top of the *396 garbage can. Officer Bergman called for backup at that point and placed Johnson in the back of his patrol car for officer safety. While Johnson was in the back of the patrol car, Officer Bergman looked into the garbage can and noticed an automobile insurance card. Officer Bergman asked the police dispatcher to run the VIN listed on the insurance card to determine whose insurance card it was. The dispatcher subsequently notified Officer Bergman that the vehicle listed on the insurance card was owned by a Mr. Shaw. Officer Bergman then called Mr. Shaw, who went outside his residence and then reported back to Officer Bergman that his vehicle had been vandalized and items stolen from inside. Based on this information, Officer Bergman arrested Johnson. After doing so, Officer Bergman more fully examined the contents of the garbage can. He testified that it contained tools, clothing, loose change in a white bucket, and other miscellaneous items that might be found in the center console of a car. All of the items were subsequently delivered to police headquarters.
The State next called Officer Antonio Rosario. Officer Rosario testified that he spoke with a Mr. Pinder on the morning of April 30, 2006. Mr. Pinder told Rosario that a new pressure washer had been stolen from the carport beside his house. Officer Rosario testified that he was aware that a pressure washer had been recovered from Johnson, and Officer Rosario was told that Mr. Pinder later identified the pressure washer recovered from Johnson as his; however, Officer Rosario was not present when Mr. Pinder identified it.
The State also called Officer Sarah Hinsz. She testified that she was called to the area where Johnson was found to assist in the investigation, and she interviewed an individual named Gregory Smith. Officer Hinsz testified that Mr. Smith told her that masonry tools had been stolen from the bed of his pick-up truck. Officer Hinsz testified that she called police headquarters and was told that masonry tools had been recovered from Johnson. Officer Hinsz was not present when Mr. Smith allegedly identified the tools recovered from Johnson as his.
Officer Hinsz also testified that she spoke with Ms. Pressley about items stolen from her car. According to Officer Hinsz, Ms. Pressley told her that black cassette tapes and a pink change purse containing quarters were stolen from her car. Officer Hinsz testified that she called the detective in charge of the case, and he told her that they had recovered similar items from Johnson. According to Officer Hinsz, Ms. Pressley later identified the recovered items as hers; however, Officer Hinsz was not present when this occurred. Instead, she was told of the identification by another officer.
Based on this evidence, the trial court found that Johnson had violated his probation by committing the thefts as alleged in the affidavit of violation. In this appeal, Johnson contends that the trial court abused its discretion in so finding because the only evidence presented to link Johnson to the alleged offenses was hearsay. We agree.
Although hearsay evidence is admissible at a revocation hearing, revocation may not be based solely on hearsay evidence. Blair v. State, 805 So.2d 873, 876 (Fla. 2d DCA 2001); Colina v. State, 629 So.2d 274, 275 (Fla. 2d DCA 1993). While probation may be revoked based on a combination of hearsay and nonhearsay evidence, J.F. v. State, 889 So.2d 130, 132 (Fla. 4th DCA 2004); Young v. State, 742 So.2d 418 (Fla. 5th DCA 1999), when the State seeks to revoke probation based on the commission of new offenses, it must *397 present direct, nonhearsay evidence linking the defendant to the commission of the offense at issue. Blair, 805 So.2d at 877; J.F., 889 So.2d at 132. If the State fails to do so, revocation is improper.
For example, in J.F., Officer Yancey responded to a call concerning the theft of a tire and wheel from a Lincoln Navigator. J.F., 889 So.2d at 131. Yancey saw the Navigator propped up on cinder blocks with a tire and wheel missing. Yancey was told that Officer Rajawa had left the scene in pursuit of a black Ford Explorer whose occupants had been seen loading items near the Navigator. When Rajawa stopped the Explorer, he found the Navigator tire and wheel inside. Rajawa reported to Yancey that J.F. was inside the Explorer when it was stopped, but Yancey did not see J.F. in the Explorer or otherwise in possession of the Navigator tire and wheel.
At the hearing seeking to revoke J.F.'s probation based on this alleged new offense, Yancey testified to his observations. He also testified to what he was told by Rajawa about J.F. being in the Explorer when it was stopped. Based on this evidence, the trial court revoked J.F.'s probation, noting that it could rely on the presumption that arises from the possession of recently stolen property to determine that J.F. had stolen the Navigator tire and wheel. Id. However, the Fourth District reversed, noting that while the State had presented nonhearsay evidence that the Navigator tire and wheel were stolen, it had not presented any nonhearsay evidence that J.F. had been in possession of them. Id. at 132. Thus, the evidence was insufficient to support the revocation of J.F.'s probation.
In this case, the trial court sought to rely on the same presumption concerning possession of recently stolen property that the court relied on in J.F. Here, the State presented direct, nonhearsay evidence that Johnson was found in possession of certain specified property. However, the State failed to present any nonhearsay evidence that the property found in Johnson's possession was recently stolen. Officers Bergman, Rosario, and Hinsz testified that they were told by various individuals that items had been stolen from their vehicles. Officers Rosario and Hinsz also testified that they were told by other officers that these individuals subsequently identified items recovered from Johnson as theirs. This testimony, which is nothing but pure hearsay, was the only evidence presented by the State to establish that the items found in Johnson's possession were recently stolen.
In its oral findings, the trial court stated that it was relying on the testimony of Ms. Pressley and Officer Hinsz to link Johnson to the alleged thefts. However, a review of the transcript shows that no nonhearsay testimony linked Ms. Pressley's stolen items to those recovered from Johnson.
On the first day of the hearing, Ms. Pressley testified that "eight or nine dollars" were stolen from the console of her car. She also testified that this money was recovered by the police. Ms. Pressley did not testify as to whether the money was in change or bills, and she did not testify that it was in any type of container. On the third day of the hearing, Officer Hinsz testified that Ms. Pressley told her that black cassette tapes and a pink change purse containing quarters were taken from the center console of her car. Officer Hinsz testified that she was told by another officer that these items were recovered from Johnson. Like in J.F., Officer Hinsz's testimony that another officer told her that Ms. Pressley's stolen property was found in Johnson's possession was legally insufficient to support the revocation of his probation. Moreover, while *398 there was direct evidence that Johnson was found in possession of loose change, there was no testimony of any kind to establish that the loose change found in the garbage can was the "eight or nine dollars" stolen from Ms. Pressley.
Because the only evidence linking Johnson to the commission of the thefts at issue was hearsay, the State failed to present legally sufficient evidence to support the revocation of Johnson's probation based on the commission of a new offense.[1] While the State might have been able to call other witnesses who could have established the necessary link with nonhearsay testimony, it chose not to do so. Accordingly, we reverse the revocation of Johnson's probation and remand for him to be reinstated to probation in this case.
Reversed.
CASANUEVA and KELLY, JJ., Concur.
NOTES
[1] We note that the State also charged Johnson with violating his probation by having weapons in his possession. Because the trial court made no factual findings to support revocation on this basis, we cannot affirm the revocation on this basis.