965 So.2d 1250 (2007)
Aaron V. THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-0172.
District Court of Appeal of Florida, First District.
October 5, 2007.
*1251 Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Thomas Winokur and Heather Flanagan Ross, Assistant Attorneys General, Tallahassee, for Appellee.
WOLF, J.
Appellant challenges his revocation of probation order. Appellant was charged with violating his probation by (1) failing to report to his probation officer on two separate incidences; (2) changing his residence without permission; and (3) committing new law offenses. At the hearing, the State called a probation officer to testify regarding appellant's technical violations. This probation officer had neither worked with nor seen appellant prior to the day of the hearing. Her testimony amounted to dictation of another probation officer's notes. However, the State did offer the testimony of two officers stating that appellant had, on two separate incidences, committed battery while attempting to flee from arrest. In addition, the officers testified that, at the time of his arrest, appellant had been found with illegal drugs and a weapon. In addition, appellant's sister testified that appellant had left his current residence and lived "some of everywhere."
Following appellant's revocation of probation hearing, the trial court orally stated:
The Court's going to find Mr. Thompson guilty of violation of probation in 05-135. I find that there was more than sufficient evidence of guilt of the violation. Are both sides ready to proceed to sentencing?
It is unclear whether this oral pronouncement referred to all alleged violations or just a particular violation. The trial court gave no indication that he was finding appellant not guilty of any specific violations. In a later filed Order of Revocation of Probation, the trial court found appellant had violated his probation listing only the technical violations, with no reference to the new law offenses. When a conflict exists between an oral revocation pronouncement and the written order revoking probation, the oral pronouncement will control. Cockrell v. State, 823 So.2d 322, 323 (Fla. 2d DCA 2002); Narvaez v. State, 674 So.2d 868 (Fla. 2d DCA 1996). Because it is unclear whether the general pronouncement of guilt comported with the written order, we reverse the order of revocation and remand for the entry of an order specifically identifying which conditions appellant was found guilty of violating. However, based on the following, we further direct the trial court to strike a finding of violation as to appellant's failure to report to his probation officer.
Appellant asserts the finding of guilt as to the technical offenses should be reversed because the trial court relied on hearsay evidence alone to support the revocation. The only testimony presented at trial to offer proof of appellant's violations for failure to report was that of a probation officer, who had never met appellant, *1252 recounting her colleague's notes. Appellant is correct that this is hearsay evidence, which standing alone, cannot be used to support a finding of guilt as to those charges. See Dawson v. State, 921 So.2d 763 (Fla. 1st DCA 2006) (holding that hearsay testimony, alone, is insufficient to support a revocation of probation); Meade v. State, 799 So.2d 430 (Fla. 1st DCA 2001) (holding that evidence in the form of a probation officer's testimony regarding a report he had neither compiled nor prepared was hearsay and, without more, insufficient to establish a violation of probation).
However, substantive testimonial evidence was admitted to support the trial court's finding that appellant had changed his residence without properly notifying his probation officer. J.F. v. State, 889 So.2d 130, 132 (Fla. 4th DCA 2004) (holding that probation may be revoked based on a combination of hearsay and nonhearsay evidence). Accordingly, the trial court did not err in finding appellant guilty of a violation based on his unauthorized change of residence.
Based on the above, we reverse and remand the revocation of appellant's probation and direct the trial court to enter a written order striking a finding of guilt as to the failure to report violations while expressly outlining which of the other alleged violations appellant has been found guilty of violating.
REVERSED.
PADOVANO and POLSTON, JJ., concur.