970 So.2d 939 (2008)
Michael J. RATLIFF, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-581.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
*940 Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Michael Ratliff appeals the revocation of his probation for illegal possession of oxycodone and illegal possession of the same drug with intent to sell. Because the material evidence adduced to prove the criminal violations consisted almost exclusively of inadmissible hearsay, we reverse.
At the revocation hearing, Detective Jones, from the Fort Pierce Police Department, testified that a female confidential informant was to set up a drug deal with Ratliff and a female. Jones testified that the informant told him she spoke with Ratliff and he would be providing oxycodone pills at the transaction. The deal was to take place on September 13, 2005, at Wal-Mart on U.S. 1 in Port St. Lucie. An undercover police officer was to purchase eight oxycodone pills from Ratliff and a female in exchange for $210. At the designated time and place, Jones was present and observed the transaction from about fifty yards away. The informant and the undercover officer waited in an unmarked car in the Wal-Mart parking lot. The informant was seated in the passenger's seat and the undercover officer, J.W., was seated in the driver's seat. A white female and Ratliff walked through the parking lot towards the vehicle. The undercover officer stated that the informant identified Ratliff and said, "oh, that's him." The female went to the driver's side and Ratliff went to the passenger's side and talked with the informant. The female conducted the deal and sold the eight pills to J.W. for $210. Afterwards, J.W. gave the pills to Detective Jones. The pills were tested in the police lab and confirmed as oxycodone.
*941 Ratliff testified at the hearing that the woman he was with was his friend's sister and she had arranged a trip to Wal-Mart for shopping. He maintained he knew nothing about the drugs. Ratliff testified he was going to walk into Wal-Mart when the friend's sister started to walk off to the side. He followed her to a parked vehicle and walked up to the passenger's side. He was interested in meeting the women in the vehicle. He talked with the woman at the passenger's side until his companion said, "let's go." Appellant and his female companion then went shopping and later went home.
The violation of probation affidavit stated in two counts that appellant violated condition (5) of the order of probation by committing the criminal offenses of possession of oxycodone and possession of oxycodone with intent to sell oxycodone, both occurring on September 13, 2005. At the conclusion of the hearing, the trial judge found appellant had violated his probation, although the final order did not specify upon which count(s) the probation had been revoked.
An appellate court reviews the trial court's determination of a violation of probation under an abuse of discretion standard. See Kaduk v. State, 959 So.2d 817, 819 (Fla. 4th DCA 2007). The state has the burden of proving by the greater weight of the evidence that a violation of probation is willful and substantial. While hearsay evidence is admissible in probation revocation proceedings, probation cannot be revoked based solely on hearsay evidence. See J.F. v. State, 889 So.2d 130, 131 (Fla. 4th DCA 2004); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977). However, probation can be revoked if the hearsay evidence is presented in combination with non-hearsay evidence. J.F., 889 So.2d at 132.
The State argues that, in the instant case, the hearsay and non-hearsay evidence together is sufficient to establish the charged violations were committed. The complicity of appellant in the drug transaction at issue was supplied by hearsay testimony: 1) made by Detective Jones that the confidential informant told him that she had spoken to appellant; and 2) made by undercover officer, J.W., that the confidential informant said, "that's him," when appellant approached their car. The State reasons that this hearsay evidence, combined with the non-hearsay evidence that appellant showed up at the place where the drugs were to be sold and seemed to know the informant, is sufficient to establish that appellant committed the drug offenses. As the State argued, "the evidence or inference is that he [appellant] knows this person and this person has told the detective that this is what's going to take place at this time." We find the State's argument unpersuasive.
Appellant's violation of probation affidavit was based on the charges of possession of oxycodone and possession of oxycodone with intent to sell. Neither Detective Jones nor the undercover officer testified that appellant was seen with the oxycodone pills in his custody or control, and it was undisputed that his female companion conducted the transaction. The State's only direct evidence of appellant's involvement in the charged violations was a hearsay statement from the confidential informant that she spoke to appellant when she set up the drug transaction. As the court stated in Johnson v. State, 962 So.2d 394 (Fla. 2d DCA 2007): "While probation may be revoked based on a combination of hearsay and nonhearsay evidence, when the State seeks to revoke probation based on the commission of new offenses, it must present direct, nonhearsay evidence linking the defendant to the *942 commission of the offense at issue." Id. at 396-97 (citations omitted). Based upon the lack of non-hearsay evidence establishing the essential elements of the criminal offenses at issue, i.e., knowledge, custody and control of the drug, and intent to sell, we conclude the trial judge abused his discretion in revoking appellant's probation. Cf. Johnson v. State, 581 So.2d 220 (Fla. 2d DCA 1991) (finding mere presence of defendant at scene of drug transaction insufficient to establish requisite knowledge and intent to participate in attempted drug trafficking); Garcia v. State, 899 So.2d 447 (Fla. 4th DCA 2005) (noting that evidence which furnishes nothing more than a suspicion that defendant committed the crime is not sufficient).
We have also considered the State's alternative argument that the evidence nonetheless sufficiently established appellant violated condition (5) of his probation by associating with a person engaged in criminal activity. The State's alternative argument lacks merit. Although condition 5 prohibits the probationer from associating with "persons engaged in criminal activity," the affidavit charged appellant with violating condition (5) by "failing to live and remain at liberty without violating any law." "As a fundamental principle of due process, a revocation may be based only on a violation alleged and presented." Davis v. State, 891 So.2d 1186, 1187 (Fla. 4th DCA 2005).
Accordingly, we reverse the judgment on appeal and remand with directions that appellant's probation be reinstated.
Reversed and Remanded.
STONE and HAZOURI, JJ., concur.