DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEMETRIUS VIDALE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-825 and 4D13-826

[June 17, 2015]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case Nos. 11018312CF10A and 11019674CF10A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges the trial court's revocation of probation based upon his commission of a new crime and association with persons engaged in criminal activities. Because the evidence of these was entirely based upon hearsay, we reverse.

In two separate cases appellant was charged with dealing in stolen property and throwing a deadly missile into a vehicle. He pled guilty to both charges and adjudication was withheld. The trial court imposed a youthful offender sentence of two years' probation. Two of the conditions of probation were that he commit no new law violations and not associate with persons involved in criminal activity.

While on probation appellant was arrested for burglary and possession of marijuana. The state filed an affidavit of violation of probation alleging the arrests as well as alleging violation of the condition that appellant not associate with persons involved in criminal activity.

These charges arose from the burglary of a residence. At the violation of probation hearing, the victims testified that they left their home in the morning. The husband returned about an hour later to find the police there and his sliding glass door smashed. Both husband and wife testified that various pieces of jewelry were missing. The husband testified to what his neighbor told him about the incident. She was walking her dog when she heard a loud bang, saw an Audi car parked in front of the victims' home, and called the police, giving them the license tag number.

The first officer on the scene testified, although he had no independent recollection of the event, using his report to refresh his recollection. He spoke to the neighbor who was able to give him a description of the vehicle she saw and the license number. She also saw two young men emerge from behind the victims' house and was able to describe their appearance. They got into the vehicle, which had changed parking spots, indicating another person was in the car. The officer put out a BOLO for the vehicle.

About two hours later another officer observed the vehicle, stopped it, and removed three individuals, including appellant. All three were wearing jewelry. At trial, the officer did not know who was wearing which pieces of jewelry, and he said there was more than one burglary. Appellant said to the officer, without any questioning by the officer, "I do have a little bit of weed on me. Is there any way you can write a ticket for me, just write a ticket for it[?]" The officer field tested the substance and it was positive for marijuana. He arrested appellant for possession.

Other officers were called to the car stop and took over the investigation and processing of the suspects. None of them testified at trial.

The first investigating officer obtained photographs of the jewelry, which he was apprised was found in the vehicle in which the three males were apprehended. He took the pictures to the victims' home and they identified some of the jewelry as theirs. The officer never saw the appellant in the vehicle with the jewelry or with the jewelry on him.

As a result, appellant was charged with violating his probation by committing new crimes of burglary, grand theft, and possession of marijuana, as well as associating with persons engaged in criminal activity. The first officer stated that "it was his understanding" that appellant was charged with the grand theft because he had some of the property that belonged to the victims. He was charged with the burglary because he matched the description, given by the neighbor, of one of the males the neighbor saw exiting from behind the fence where the sliding glass door had been broken to gain entry to the victims' residence. The

officer had no knowledge of anyone identifying appellant as being one of the individuals leaving the scene. He also didn't know whether the other two men in the stopped Audi matched the description of the men seen by the neighbor exiting the home. The neighbor did not testify.

Appellant testified that he was friends with the other two young men in the car with him. He had met them around lunch time and was unaware that they had been involved in any criminal activity. Appellant's mother corroborated his testimony that he did not go out with the two other men until around lunch time, although she had been at work during the morning. Several minutes after he left, a relative called the mother to report that the police had stopped her son and his friends.

After hearing the evidence, the trial court found that appellant had committed new crimes and associated with persons involved in criminal activity, but it did not designate which crimes it found appellant had committed. It revoked appellant's probation in both cases, sentencing him to sentences totaling twenty years for the two crimes. This appeal follows.

Probation cannot be revoked on hearsay evidence alone. *See Russell v. State*, 982 So. 2d 642, 646 (Fla. 2008); *J.F. v. State*, 889 So. 2d 130, 131 (Fla. 4th DCA 2004). It must be supported by non-hearsay evidence. *Russell*, 982 So. 2d at 646. "[W]hen the State seeks to revoke probation based on the commission of new offenses, it must present direct, nonhearsay evidence linking the defendant to the commission of the offense at issue. If the State fails to do so, revocation is improper." *Johnson v. State*, 962 So. 2d 394, 396-97 (Fla. 2d DCA 2007) (citation omitted).

The state failed to present any non-hearsay evidence connecting appellant to the burglary in this case. The neighbor who saw the perpetrators did not testify. Therefore, all of her statements were hearsay, including her report of the license tag number of the getaway vehicle. The first officer, who spoke to the neighbor, did not testify as to any direct knowledge of appellant's involvement. The second officer, who stopped the vehicle, testified that all three of the occupants were wearing jewelry, but no one testified which pieces of jewelry appellant was wearing or whether that jewelry was owned by the victims. The only direct evidence that the state provided was that appellant was an occupant of a vehicle where jewelry was found. The state did not even present non-hearsay evidence to tie the jewelry found in the vehicle with the victims' identification of it. While the first officer testified that appellant had some of the stolen jewelry, he admitted he did not actually see who was holding any of the jewelry - he was just going by what other officers had told him. No one

testified from firsthand knowledge that appellant had any of the victims' jewelry. And although the first officer testified that appellant was arrested because he matched the description of one of the burglars, this too was hearsay which the officer had obtained from the neighbor.

In like manner, the state did not present any non-hearsay evidence to tie the other two associates of appellant with the burglary or any other crimes. Therefore, the court erred in finding appellant violated his probation by associating with persons engaged in criminal activities.

Because the state presented no non-hearsay evidence of burglary or theft or associating with persons engaged in criminal activities, the court erred in finding a violation of appellant's probation on these conditions. There was sufficient evidence, however, of appellant's possession of marijuana. Nevertheless, we reverse because it is not clear that the trial court actually found appellant in violation of his probation for possession of marijuana. If it did, it is not evident that the court would have ordered revocation of probation based solely on the possession of marijuana or imposed the same sentence. We thus direct reconsideration of both the revocation and sentence.

*Reversed and remanded.*

GROSS and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**