WINDOM, Presiding Judge.
Jonathan Lashawn Askew appeals the revocation of his probation by the Chambers Circuit Court. On March 25, 2010, Askew was convicted in Chambers County of murder, see § 13A-6-2, Ala.Code 1975, and sentenced to 20 years in prison. ■ His sentence was split, and he was ordered to serve five years in prison followed by five *548 years of probation. Askew began serving the probationary portion of his sentence on May 1, 2013. Askew “received probation in Chambers County[; however, he was] supervised by Lee County.” (R. 5.)
On March 25, 2015, Probation Officer David DuBose filed an officer’s report on delinquent probationer alleging that Askew had violated the terms and conditions of his probation by testing positive for the use of cocaine and thus failing to avoid injurious or vicious habits, by changing his residence without the permission of his probation officer, and by failing to pay court-ordered moneys. That same day, an arrest warrant for Askew was executed. A probation-revocation hearing was set for May 22, 2015. During the hearing, Chambers County Probation Officer Kirk Cole, the only witness to present any evidence, testified about Askew’s probation violations. Following the revocation hearing, the circuit court .entered an- order on May 22, 2015, revoking Askew’s probation, stating that it was “satisfied that [Askew] ha[d] violated the terms of his probation” (R. 9), and ordered that he serve the balance of his original 20-year sentence. On August 18, 2015, Askew filed his written notice of appeal.
On appeal, Askew argues, among other things, that the evidence presented was insufficient to support the revocation of his probation. Specifically, he claims that his probation was revoked solely on hearsay evidence contained-in the probation'officer’s delinquency report. This Court agrees.
During the revocation hearing, Probation Officer Cole testified that he had received a delinquency report on Askew from Probation- Officer DuBose alleging that Askew had violated the terms and conditions of his probation by testing positive for the' use of cocaine, by changing his residence without permission, and by failing to pay. court-ordered moneys. Probation Officer DuBose, however, did not testify at the hearing., Rather, Probation Officer Cole explained that, although Askew received his probation in Chambers County, he was currently under the supervision of Lee County. Further, Probation Officer Cole stated that all the information to which he testified relating to Askew’s probation violations came from Probation Officer DuBose’s report and that he had no independent.knowledge of the alleged violations.
.This Court has consistently held that “[w]hile hearsay evidence is admissible in a revocation proceeding it may not serve as the sole basis of the revocation.” Beckham v. State, 872 So.2d 208, 211 (Ala.Crim.App.2003); see also Brazery v. State, 6 So.3d 559, 562 (Ala.Crim.App.2008) (“Tt is well settled that hearsay evidence may not form the sole basis for revoking an individual’s probation.’” (quoting Goodgain v. State, 755 So.2d 591, 592 (Ala.Crim.App.1999))); Clayton v. State, 669 So.2d 220, 222 (Ala.Crim.App.1995) (same); English v. State, 164 So.3d 627, 631-32 (Ala.Crim.App.2014) (“Based on the Alabama Supreme Court’s holding in [Ex parte] Dunn[, 163 So.3d 1003 (Ala.2014)], we must agree with English’s argument that the State has not presented any nonhear-say evidence to corroborate the hearsay testimony of Assistant Chief Davis. The only evidence connecting English to the alleged burglary and thefts was the hearsay testimony of Assistant. Chief Davis. Accordingly, we reverse the circuit court’s order revoking English’s probation, and we remand the case to the circuit court for proceedings consistent with the Alabama Supreme Court’s opinion in Ex parte Dunn, supra.”); Wescovich v. State, 142 So.3d 1276, 1279 (Ala.Crim.App.2013) (“In the instant case, as in Goodgain, the State presented only hearsay evidence to sup *549 port a finding that the probationer had violated the terms and conditions of his probation by committing a new offense _Because the State did not present sufficient non-hearsay evidence indicating that Wescovich had committed a new criminal offense, -the circuit court erred in revoking Wescovich’s probation.”); Vaughn v. State, 37 So.3d 183, 186 (Ala.Crim.App.2009) (holding that fact that charges have been filed against probationer does not overcome fact that trial court based revocation order solely on hearsay); accord Ratliff v. State, 970 So.2d 939, 941-42 (Fla.Dist.Ct.App.2008) (stating that, “ ‘[wjhile probation may be revoked based on a combination of hearsay and nonhear-say evidence, when the State seeks to revoke probation based on the commission of new offenses, it must present direct, non-hearsay evidence linking the defendant to the commission of the offense at issue,! ” and holding that the trial court abused its discretion by revoking the appellant’s probation because the State failed to present “non-hearsay evidence establishing the essential elerhents of the criminal offenses at issue” (quoting Johnson v. State, 962 So.2d 394, 396-97 (Fla.Dist.Ct.App.2007))).
Probation Officer Cole’s hearsay testimony relating to the allegations contained in Probation 'Officer DuBose’s report was the only evidence indicating that Askew had violated the terms and conditions of his probation. Because the State failed to present any nonhearsay evidence, to establish that Askew had violated the terms and conditions of his probation, the circuit court erred in revoking Askew’s probation. See Ex parte Belcher, 556 So.2d 366, 368 (Ala.1989) (holding that “hearsay evidence cannot be the sole support for revoking probation” (citing Mitchell v. State, 462 So.2d 740, 741-42 (Ala.Crim.App.1984))). Accordingly, this Court reverses the circuit court’s order of May 22-, 2015, revoking Askew’s probation and remands this cause for further proceedings consistent with this opinion; ■
REVERSED AND REMANDED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.