KELLUM, Judge.
The appellant, Christopher Shawn Marks, appeals from the circuit, court’s revocation of his probation. The record indicates that on May 11, 2012, Marks was convicted of unlawful possession of marijuana in the first degree, a violation of § 13A-12-213, Ala.Code 1975. The circuit court sentenced Marks to 15 years’ imprisonment; that sentence was split, and Marks was ordered to serve 12 months in prison, followed by 3 years’ supervised probation. Marks was also ordered to pay $4,937 in court-ordered moneys.
On December 31, 2014, Marks’s probation officer, Reginald Holland, filed a delinquency report, alleging that Marks had violated the terms and conditions of his probation by his September 2014 arrest on a new criminal charge of driving under the influence. Marks’s probation officer further alleged that Marks violated the terms and conditions of his probation by failing to report, by failing to pay his probation-supervision fees, and failing to pay the court-ordered moneys. On July 28, 2015, Marks’s probation officer filed a second delinquency report, alleging that Marks had violated the terms and conditions of his probation by his April 2015 arrest for domestic violence in the third degree.
On August 27, 2015, the circuit court conducted a probation-revocation hearing. During the hearing, Madison County Probation Officer Roger Johnson, the only witness to present any evidence, testified about Marks’s technical violations of probation. At the conclusion of the hearing, the circuit court entered an order revoking Marks’s probation on the basis that Marks failed to report to his probation officer. The circuit court ordered Marks to serve the balance of his 15-year sentence in the custody of the Alabama Department of Corrections. This appeal followed.
Marks contends that the circuit court erred'by revoking his probation because, he. argues,' the revocation of his probation was based solely on hearsay evidence.[1] We agree.
“It is well settled that hearsay evidence may not form the sole basis for revoking an individual’s probation. See Clayton v. State, 669 So.2d 220, 222 (Ala.Cr.App.1995); Chasteen v. State, 652 So.2d 319, 320 (Ala.Cr.App.1994); and Mallette v. State, 572 So.2d 1316, 1317 (Ala.Cr.App,1990). ‘The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating the information that forms the basis of the revocation.’ Clayton, 669 So.2d at 222.”
Goodgain v. State, 755 So.2d 591, 592 (Ala.Crim.App.1999).
*829 During the probation-revocation hearing, Probation Officer Johnson testified that Marks’s probation was administered by Probation Officer Holland. During his testimony, Probation Officer Johnson referred exclusively to a delinquency report prepared by Probation Officer Holland while testifying regarding Marks’s alleged probation violations. Probation Officer Johnson testified that the delinquency report showed that Marks had been arrested on two different occasions for driving under the influence of alcohol and for domestic violence in the third degree and that Marks had failed to report to his probation officer, had failed to pay his supervision fees, and had failed to pay his court-ordered moneys. Other than the information contained in the delinquency report, Probation Officer Johnson had no additional information regarding the alleged violations.
This Court recently addressed the use of hearsay evidence as the sole basis for denying probation in Askew v. State, 197 So.3d 547 (Ala.Crim.App.2015). In Askew, the only evidence presented by the State during the probation-revocation hearing was that of a probation officer other than the officer who administered Askew’s probation. The probation officer who testified at trial testified that all the information to which he testified relating to Askew’s probation violations came from another probation officer’s report and that he had no independent knowledge of the alleged violations. Askew, 197 So.3d at 722. This Court reversed the circuit court’s order revoking Askew’s probation, finding that the State failed to present any nonhearsay evidence to establish that Askew had violated the terms and conditions of his probation. Askew, 197 So.3d at 549.
In the instant case, as in Askew, the State presented only hearsay evidence to support a finding that the probationer had violated the terms and conditions of his probation. Indeed, Probation Officer Johnson’s testimony relating the allegations contained in Probation Officer Holland’s report was the only evidence indicating that Marks had violated the terms and conditions of his probation. Because the State failed to present any nonhearsay evidence to establish that Marks had violated the terms and conditions of his probation, the circuit court erred in revoking Marks’s probation. Accordingly, this Court reverses the circuit court’s August 27, 2015, order revoking Marks’s probation and remands this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

. An objection based on hearsay does not fall within the four exceptions to preservation in probation-revocation proceedings. See Singleton v. State, 114 So.3d 868 (Ala.Crim.App.2012). The record, however, indicates that Marks preserved his hearsay argument when, at the conclusion of the testimony presented at the probation-revocation hearing, defense counsel argued that “hearsay alone is not enough to revoke an individual on probation,” (R, 21.)