IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


TODD JAMES HART,

      Appellant,

 v.                                      Case No.  5D17-3438

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 14, 2018

Appeal from the Circuit Court
for Volusia County,
Matthew M. Foxman, Judge.

O. H. Eaton, Jr., and Lori D. Loftis, of Office
of Criminal Conflict & Civil Regional
Counsel, Casselberry, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      We affirm the revocation of Appellant's probation.  However, because the order of

revocation does not accurately reflect the trial court's oral findings, we remand so that the

order can be corrected.

An evidentiary hearing was held with regard to allegations that Appellant violated his probation. At the conclusion of the hearing, the court found and orally announced that Appellant violated his probation by failing to report to his officer, failing to complete substance abuse treatment, drinking alcohol heavily, and committing home-invasion robbery as well as resisting police without violence. The court found the violations to be willful, material, and substantial.

The court's written order correctly stated that Appellant violated certain numbered conditions of his probation that corresponded with failing to report to his probation officer and failing to live without violating any law. The written order also noted that the revocation of Appellant's probation was, in part, for his failure to notify his probation officer of a change in residence or employment; however, the court made no such oral pronouncement. Additionally, the written order failed to include the trial court's oral findings that Appellant violated his probation by drinking heavily and not completing his substance abuse treatment. Where the oral pronouncement of revocation conflicts with the written order, the oral pronouncement controls. *Thompson v. State*, 965 So. 2d 1250, 1251 (Fla. 1st DCA 2007) (citing *Cockrell v. State*, 823 So. 2d 322, 323 (Fla. 2d DCA 2002)). Accordingly, we affirm the revocation of Appellant's probation and the resulting sentence, but reverse for entry of a corrected order of revocation that accurately reflects the oral findings of the trial court. *See Desue v. State*, 605 So. 2d 933, 935 (Fla. 1st DCA 1992).

AFFIRMED AND REMANDED FOR ENTRY OF CORRECTED ORDER.

WALLIS, EDWARDS and EISNAUGLE, JJ., concur.

2