Rel: May 5, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

———————————————

### CR-2022-1128

———————————————

**Brandon Lewis McCary**

**v.**

**State of Alabama**

**Appeal from Calhoun Circuit Court**
**(CC-19-2233.70)**

McCOOL, Judge.

Brandon Lewis McCary appeals the Calhoun Circuit Court's revocation of his probation. We reverse and remand.

Based on the limited record before us, it appears that in July 2020 McCary was convicted of second-degree burglary and was sentenced to

54 months in prison. That sentence was split, and McCary was ordered to serve 396 days in prison followed by 3 years 5 months and 1 day on probation.

On August 15, 2022, probation officer Katie Lee of Etowah County filed a delinquency report alleging that McCary had violated the conditions of his probation by absconding. Specifically, the report stated that, after testing positive for THC, McCary was placed in a drug-treatment program. He was discharged from that program for noncompliance, but he failed to contact Officer Lee upon discharge, even though he had been instructed to do so. Officer Lee contacted McCary's wife, who informed Officer Lee that McCary had enrolled in another recovery program. Officer Lee contacted the director of that program. The director told Officer Lee that McCary had checked into the program over the weekend, but the director was unable to locate McCary on the day Officer Lee contacted the director. Officer Lee concluded that she had exhausted all available avenues to locate McCary and that he was actively avoiding supervision.

On September 22, 2022, the circuit court held a revocation hearing during which McCary was represented by counsel. At the hearing, the

State presented the testimony of two probation officers -- Reginald Smith and Taneria Daniels. Both of those officers testified concerning McCary's alleged probation violation, but their testimony was based solely on Officer Lee's delinquency report. In fact, both Officer Smith and Officer Daniels testified that they had no firsthand knowledge of the alleged violation. (R. 6, 10). Officer Lee did not testify at the hearing. McCary's attorney moved to dismiss the case on the basis that hearsay evidence cannot form the sole basis of revocation. The circuit court denied that motion. After the hearing, the circuit court entered a written order revoking McCary's probation. McCary appealed.

On appeal, McCary argues that the circuit court erred in revoking his probation based solely on hearsay testimony. The State concedes that the evidence presented by the State at the revocation hearing was entirely hearsay evidence, and the State asserts that "the circuit court exceeded its discretion in revoking [McCary's] probation." (State's brief at 7.) We agree.

In Corbitt v. State, [Ms. CR-21-0240, July 8, 2022] ___ So. 3d ___ (Ala. Crim. App. 2022), this Court stated:

> "'It is well settled that hearsay evidence may not form the sole basis for revoking an individual's probation.'

Goodgain v. State, 755 So. 2d 591, 592 (Ala. Crim. App. 1999) (citing Clayton v. State, 669 So. 2d 220 (Ala Crim. App. 1995)). However, 'hearsay evidence is admissible in a revocation proceeding,' Beckham v. State, 872 So. 2d 208, 211 (Ala. Crim. App. 2003), and a combination of both hearsay and nonhearsay evidence may be sufficient to warrant revocation. See, e.g., Askew v. State, 197 So. 3d 547, 548-49 (Ala. Crim. App. 2015). '[W]hen the State presents a mixture of hearsay and nonhearsay evidence to show that a defendant violated his probation by committing a new offense, the circuit court cannot revoke a defendant's probation for that violation unless the nonhearsay evidence connects the defendant to the alleged offense.' Walker v. State, 294 So. 3d 825, 832 (Ala. Crim. App. 2019) (emphasis in original)."

___ So. 3d at ___.

In the present case, the State presented only hearsay evidence to support the circuit court's finding that McCary had violated the conditions of his probation. At the revocation hearing, the State presented the testimony of two witnesses who, by their own testimony, had no firsthand knowledge of McCary's alleged violation. The witnesses' knowledge of the alleged violation came solely from a third person whose testimony was not offered at the revocation hearing.

Because the State failed to present any nonhearsay evidence to establish that McCary had violated the conditions of his probation, the circuit court erred in revoking McCary's probation. Therefore, this Court

4

reverses the circuit court's order revoking McCary's probation and remands this case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.